## IN MATTER OF APPLICATION OF TALBOT A. FOWLER FOR WRIT OF HABEAS CORPUS.

In Banc, August 25, 1925. ·

1. **HABEAS CORPUS: Original Proceeding: Evidence: Testimony of Petitioner: Affidavits.** An application for a writ of *habeas corpus* to the Supreme Court, made by a petitioner who alleges that he has been unlawfully committed to jail for contempt of an order of an inferior court, is an original proceeding, or law suit, in which the Supreme Court exercises its original jurisdiction, as distinguished from its appellate jurisdiction, and in consequence the ordinary rules of practice as to the admissibility of evidence apply. Therefore, the petitioner and other competent witnesses may testify, but affidavits by the sheriff and others are not admissible in evidence except by consent or stipulation to that effect, since the petitioner is entitled to cross-examine all witnesses against him and cannot be forced to accept *ex parte* affidavits for evidence of the facts.

2. ———: **Executor: Commitment upon Money Judgment.** No commitment can be issued upon a mere money judgment. A judgment reciting that the final settlement of the executor of an estate has been disapproved, that he is indebted to the estate in a given sum, that he has been removed and another appointed administra-

tor *pendente lite*, that a judgment in said sum has been rendered against him in favor of said administrator *pendente lite* and execution awarded thereon, that he was ordered on said date to turn over said sum to the administrator *pendente lite* on or before a certain later date, and that he has refused to obey said order, recites a mere monetary obligation, and disobedience to such judgment is not a ground for committing the executor to jail.

3. ————: Administrator: Conversion of Assets: Affidavit: Admission: Interrogatories. Upon the filing of an affidavit charging that the removed executor has appropriated to his own use a named amount of money and has turned over to his wife a certain other sum and certain other assets of the estate, and has withheld said moneys and assets from the administrator *pendente lite*, if the executor, upon being cited, admits the truth of the charges, such admission makes the filing of interrogatories unnecessary. But in the absence of such admission a failure to file interrogatories is fatal to a judgment rendered against him, for without such interrogatories and written answers thereto there are no issues to try, and the procedure marked out by the statute (Secs. 63, 65, R. S. 1919) is not pursued, and where there are neither interrogatories nor admission of the charge contained in the affidavit a judgment against the executor is void. It is only when interrogatories are filed, and he refuses to answer them in writing, that he can be committed to jail until he does answer them. The written interrogatories and his written answers thereto make the issue, to be tried by a jury, in the absence of an admission of the charges, by the executor, after citation; and where he does not admit the charges, a judgment rendered by the court, without interrogatories filed and without a jury trial, adjudging him to be indebted to the estate in a given amount, is a nullity, and cannot be used as a basis for commitment for contempt, upon his refusal to turn over to the administrator *pendente lite* the amount such judgment adjudges him to owe the estate.

4. ————: ————: Imprisonment for Debt: Money Judgment. A judgment adjudging the executor of an estate to be indebted to it in a given amount, and awarding execution, is a pure judgment for money, and is a debt by judgment, and to attempt to compel the executor to pay it by attaching his person and committing him to jail until it is paid would be an imprisonment for debt, which is prohibited by the Constitution.

Corpus Juris-Cyc. References: Contempt, 13 C. J., Section 104, p. 73, n. 29; Section 128, p. 84, n. 19 New; Section 134, p. 88, n. 72. Habeas Corpus, 29 C. J., Section 192, p. 169, n. 85 New; Section 194, p. 173, n. 19. Judgment, 33 C. J., Section 58, p. 1104, n. 30; Section 75, p. 1128, n. 36; Section 84, p. 1136, n. 27; Section 87, p. 1139, n. 52, p. 1143, n. 62.

*Habeas Corpus.*

PETITIONER DISCHARGED.

*Thomas M. Brandom, Henry S. Conrad, L. E. Durham* and *Hale Houts* for petitioner.

(1)   The petitioner should be discharged because the probate court's order of commitment is void upon the face of that court's record.   (a)   The commitment was not authorized by statute, since no written interrogatories to be answered by the petitioner were filed, and since he did not admit possession or control of the money. Secs. 47, 48, 62 to 66, R. S. 1919; Trautmann v. Trautmann, 300 Mo. 320.   (b)   The finding in the alternative that the petitioner had the money "in his possession or under his control" was a nullity and the order of commitment, therefore, without basis.   33 C. J. 1102, 1197; Battle v. Lowry, 46 Iowa, 52.   (c)   The order of commitment being beyond the jurisdiction and power of the court upon the fact of the record, the petitioner should be discharged.   In re Letcher, 269 Mo. 147.   (2)   The petitioner should be discharged because the order of commitment is an attempt to imprison the petitioner for debt in violation of Section 16 of Article II of the Constitution of Missouri.   Ex parte Crenshaw, 80 Mo. 456; Roberts v. Stoner, 18 Mo. 484; Coughlin v. Ehlert, 39 Mo. 285; Kansas City v. Pengilley, 269 Mo. 59; Ex parte Hardy, 68 Ala. 303.   (a)   If it be material whether petitioner had possession or control of the money the facts may be inquired into notwithstanding the finding of the probate court.   Ex parte Creasey, 234 Mo. 679; In re Howell and Ewing, 273 Mo. 96; 33 C. J. 1102, 1197; Battle v. Lowry, 46 Iowa, 52.   (b)   Under the evidence the order of commitment cannot be justified on the theory that the petitioner had the money in his possession or control.   Ex parte Stone, 183 S. W. 1058; Glover v. Ins. Co., 130 Mo. 187; Robertson v. Johnson, 210 Mo. App. 591; In re Clark, 208 Mo. 150.

GRAVES, C. J.—The cause was heard by this court on June 19, 1925. Petitioner testified in his own behalf, subject to objections of opposing counsel. Opposing counsel in behalf of the sheriff offered three affidavits, which were received, subject to an objection as to their competency, as evidence. They also offered certified copies of records of the Probate Court of Jackson County, relative to the estate of Leavenworth Fowler. The purport of the evidence will be outlined in the course of the opinion. We set out the petition for our writ in full because of material admissions therein. The petition is as follows:

"Your petitioner, Talbot A. Fowler, respectfully represents that in the month of February, 1923, he was duly appointed Executor of the Estate of Leavenworth Fowler, deceased, by the Probate Court of Jackson County, Missouri; that he duly qualified as such executor and as such took charge of and collected various property and money belonging to the estate, the amount of said money being approximately five thousand dollars; that thereafter a suit was filed in the Circuit Court of Jackson County, at Kansas City, for the contest of the will of said Leavenworth Fowler, and one Ben R. Estill was appointed administrator *pendente lite* of said estate; that said will contest is still pending; that your petitioner was one of the chief beneficiaries under the will of said Leavenworth Fowler and is an heir of the said Leavenworth Fowler; that he will receive from the estate of said Leavenworth Fowler ·property largely in excess of the value of five thousand dollars in any event, that is to say, either under said will or· as heir if final judgment be against the validity of said will.

"Your petitioner further states that during the time he was acting as executor and prior to the appointment of said Estill as administrator *pendente lite,* he paid out all of said money which was in his possession, and that at the time of the appointment of said Estill as administrator *pendente lite* he did not have in his possession or under his control any money which he had collected as executor of the estate of Leavenworth Fowler, deceased,

and at no time since the appointment of said Estill aforesaid has he had said money or any part thereof in his possession or under his control and has not now.

"Your petitioner further states that after the appointment of said Estill as administrator *pendente lite* aforesaid your petitioner was cited to appear before the Probate Court of Jackson County, Missouri; that upon his appearance and at a hearing of said court had on the 19th day of February, 1923, said probate court found that your petitioner was indebted to the estate of Leavenworth Fowler in the sum of $4512.94, and judgment was entered for said amount.

"Your petitioner further states that upon said 19th day of February, 1925, said probate court purported to find that said plaintiff had in his possession on or under his control the sum of $4512.94 in money belonging to the estate of Leavenworth Fowler, deceased. .

"Petitioner further states that no interrogatories were filed at any time in said probate court under any citation of your petitioner to appear before said court, and that no evidence was heard upon the said 19th day of February, 1925, and no admission was made by your petitioner that he had said money in his possession or under his control; that no evidence was at any time heard in said probate court tending to show that your petitioner had in his possession or under his control said sum of $4512.94 in money belonging to the estate of Leavenworth Fowler, deceased, or any part of said money.

"Your petitioner further states that on the 19th day of March, 1925, Hon. Jules E. Guinotte, Judge of the Probate Court of Jackson County, Missouri, made and entered of record in said probate court an order purporting to commit your petitioner to the county jail of Jackson County, Missouri, there to remain until he should pay the sum of $4512.94 to the said Ben R. Estill, administrator *pendente lite* of the estate of said Leavenworth Fowler, deceased, copy of which order is hereto attached, marked 'Exhibit A' and made a part hereof.

"Your petitioner further states that under and by virtue of said order of March 19, 1925, purporting to commit him to jail for contempt as aforesaid he is now unlawfully held in the county jail of Jackson County, Missouri, by John L. Miles, sheriff of said county, and unlawfully deprived of his liberty.

"Your petitioner further states that at no time subsequent to the 19th day of February, 1925, has the probate court found or entered an order purporting to find that your petitioner had or has in his possession or under his control the said sum of $4512.94.

"Your petitioner further states that said imprisonment is illegal in this, to-wit:

"1.    That all the orders of said probate court herein mentioned are illegal and void in that no interrogatories were filed with said probate court under the citation of your petitioner as provided by Section 63, Revised Statutes 1919, in that there was no admission by your petitioner of the allegation upon which citation was issued, or that the money hereinbefore mentioned was in his possession or under his control, and the finding that said money was in his possession or under his control is void and not based upon any evidence, and contrary to fact.

"2.    That said order of the said Jules E. Guinotte of March 19, 1925, committing your petitioner to jail aforesaid is illegal and void and is contrary to Section 16 of Article XI of the Constitution of Missouri which provides that imprisonment for debt shall not be allowed except for non-payment of fine or penalty imposed for violation of law.    That said sum required by said order to be paid is neither a fine nor a penalty imposed for a violation of the law, but an alleged debt or civil obligation to pay money; that said sum of money is not now and has not at any time been in the possession or under the control of your petitioner.

"Your petitioner further states that no application for relief has been made to or refused by any court, officer, or officers superior to the one to which this petition is presented.

"Wherefore, your petitioner prays that a writ of *habeas corpus* may be issued; that he may be discharged from said unlawful imprisonment."

This court admitted petitioner to bail pending the hearing upon our writ. This fact is mentioned in the return of the sheriff, but the vital part of the return shows that the sheriff held petitioner in custody under the following writ:

"*IN THE PROBATE COURT OF JACKSON COUN-*
*TY, MISSOURI, AT KANSAS CITY.*
*FEBRUARY TERM, 1925.*

"*IN THE MATTER OF THE ESTATE OF*
*LEAVENWORTH FOWLER, DECEASED.*
*BEN R. ESTILL, ADMINISTRATOR PEN-*
*DENTE LITE.*

"*THE STATE OF MISSOURI to THE SHERIFF*
*OF THE COUNTY OF JACKSON, State of Missouri,*
"Greeting:

"Whereas, on the 19th day of February, 1925, an order was made and entered by this court in the matter of the above entitled estate, finding that one T. A. Fowler has in his possession or under his control the sum of $4512.94 in money, belonging to the said estate of Leavenworth Fowler, deceased, and ordering and requiring said T. A. Fowler to deliver and turn over to Ben R. Estill, administrator *pendente lite* of said estate, said sum of $4512.94, in lawful money of the United States, on or before March 2, 1925, or show good and sufficient cause why he should not do so.

"And whereas, it appearing to this court that a copy of said order was served on said T. A. Fowler by the Sheriff of Jackson County, Missouri; and

"Whereas, the said T. A. Fowler has refused and still refuses to comply with said order by failing to show good and sufficient cause why he should not deliver and turn over to said Ben R. Estill, administrator *pendente lite,* said $4512.94 and by refusing and still refusing to

deliver and turn over to said Ben R. Estill, administrator *pendente lite* of said estate, $4512.94; and

"Whereas, it appears that said refusal of T. A. Fowler to comply with the order of this court, as aforesaid, was calculated and actually did defeat and impair the rights and remedies of the said estate of Leavenworth Fowler, deceased, and all parties therein interested and said refusal to comply with said order constitutes a wilful contempt of this court;

"Now, therefore, we hereby command you that you take the body of T. A. Fowler and commit him to the county jail of the County of Jackson, State of Missouri, there to remain until such sum, to-wit, $4512.94, shall be delivered and turned over to said Ben R. Estill, administrator *pendente lite* of said estate, or until he be thence discharged according to law.

"Witness the hand and seal of this court at the court house in the city of Kansas City, Jackson County, Missouri, on the 19th day of March, 1925.

"J. E. GUINOTTE

"Judge of the Probate Court of Jackson County,

Missouri.''

The foregoing outlines the general issues in the case. As stated the applicable facts will be stated in the course of the opinion.

I. From the statement it will be noted that objection was made to the petitioner testifying before this court. This objection must be overruled. This is our original proceeding in this court, and defendant,

**Evidence.**

as well as other competent witnesses, can testify. The substance of his testimony here is that he did not now, nor did he at any time after the appointment of the administrator *pendente lite,* have in his possession the money for which he was cited, and adjudged guilty of contempt. Further that he had never admitted that he had such money in his possession or control after the appointment of the administrator *pendente lite.*

The three affidavits (Guinotte, Strother and Estill) are not admissible in evidence, except by consent or stipulation to that effect. This court, under its original jurisdiction (as distinguished from its appellate jurisdiction) was trying a lawsuit, and the ordinary rules of practice, as to the admissibility of evidence, will apply. The petitioner was entitled to cross-examine the witnesses, and cannot be forced to accept more *ex parte* affidavits for evidence of the facts. These were received here, subject to objection, and the objection should be sustained. This to clarify the practice, although petitioner's counsel in the brief refers to portions of the affidavits, which they think corroborates petitioner's contentions. In some essential respects they do. But the question of introducing *ex parte* affidavits in a *habeas corpus* trial might as well be determined here as later. They are not competent, except by consent or stipulation of counsel.

II. We have set out in full the order of commitment, and have before us (in evidence by respondent Miles) the full transcript of the proceedings, and it has this judgment not recited in the order of commitment, viz: "*Wherefore,* the court further orders, adjudges and decrees that a judgment in favor of Ben R. Estill, administrator *pendente lite,* against said Talbot A. Fowler, for the sum of $4512.94 and interest thereon at the rate of six per cent per annum from the 16th day of April, 1923, and that execution therefor issue, together with costs. Dated this 19th day of February, 1925. J. E. GUINOTTE, Judge."

Record Recitals.

The foregoing judgment follows a long recitation of facts as to the appointment of Fowler, as executor, as to Fowler tendering a final settlement, which was rejected, and an amended final settlement which was rejected, except as to certain items therein, and the fact of Fowler's removal and the appointment of Estill. It recites that such judgment was in the "February term, 1924" (in the heading) and in the body that the hearing was had

on September 6, 1924, and taken under advisement. We should add that just preceding the judgment entry quoted, supra, there is this further finding: "The court further finds that many and repeated demands have been made upon said Talbot A. Fowler to pay said balance of the funds of said estate now in his hands over to said Ben R. Estill; that said Talbot A. Fowler has failed and refused to do so, with the exception of $4.71 for which he has been given credit."

An undated order to deliver is as follows:

## "IN THE PROBATE COURT OF JACKSON COUN-TY, MISSOURI, AT KANSAS CITY.
### "FEBRUARY TERM, 1924.

## "IN THE MATTER OF THE ESTATE OF LEAVENWORTH FOWLER, DECEASED, BEN R. ESTILL, ADMINISTRATOR PEN-DENTE LITE.

### "Order to Deliver Assets of Estate to Administrator Pendente Lite.

"The motion of Joseph Fowler and James Carter Fowler to require T. A. Fowler to deliver to and place in the hands of Ben R. Estill, administrator *pendente lite* of the Estate of Leavenworth Fowler, deceased, cash and other property concealed and wrongfully withheld by him from said estate came on to be heard on September 6, 1924. Joseph Fowler and James Carter Fowler appeared by their attorneys, Cooper & Neal. T. A. Fowler appeared by his attorneys. Neither of the parties required a jury and the matter was submitted to the court. The court heard the evidence and statements and arguments of counsel, was fully advised in the premises, took said motion under advisement, and now finds that at the date of the removal of said T. A. Fowler as executor of said estate there remained in his hands the sum of $4512.94 in money, which belonged to the estate of Leavenworth Fowler, deceased, and that T. A. Fowler has said $4512.-94 in his possession or under his control; is concealing,

wrongfully withholding, and has not turned said $4512.-94 over to said Ben R. Estill, administrator *pendente lite.*

"Wherefore, it is ordered and adjudged by the court that said Ben R. Estill as such administrator *pendente lite* shall have and recover of and from said T. A. Fowler the sum of $4512.94, so found as aforesaid to be in the hands or under the control of said T. A. Fowler, together with the costs of this proceeding, and that execution issue therefor.

"It is further ordered, adjudged and decreed that said T. A. Fowler deliver and turn over to said Ben R. Estill, administrator *pendente lite,* said balance of $4512.94, in lawful money of the United States, on or before March 2, 1925, or show good and sufficient cause why he should not do so.

"Dated this — day of February, 1925.

"J. E. GUINOTTE, Judge."

The judgment from which we first quoted begins by saying: "The matter of the final settlement between Talbot A. Fowler, Executor, and Ben R. Estill, heretofore appointed administrator *pendente lite,* came on to be heard on September 6, 1924, and the court being fully advised in the premises, to said matter under advisement," etc.

The commitment recites an order of February 19, 1925, but no such order, so dated, has been offered in this case, but the undated order quoted in evidence was offered in evidence. This undated order shows a judgment in favor of Estill and against Fowler; and in addition an order "deliver and turn over to said Ben R. Estill, administrator *pendente lite,* said balance of $4512.94, in lawful money of the United States, on or before March 2, 1925, or show good and sufficient cause why he should not do so."

Whether the undated order is the order upon which the writ was issued we leave for further discussion if necessary, upon one point made in petitioner's petition, and also in the brief. This additional statement of facts, brings us to the other legal questions.

III. We have set out the two judgments or orders in our statements purposely. The first judgment says nothing about Fowler being in the possession of property belonging to the Fowler estate, or having property under his control. It is a judgment upon a settlement between the executor (petitioner herein) and Estill, the administrator *pendente lite*. It is a finding that Fowler, executor, owes the estate a stated sum ($4512.94) and finds that although "repeated demands have been made . . . to pay said balance of the funds of said estate now in his hands over to said Ben R. Estill" and the further recital that he has failed and refused to so do. This is followed by the straight money judgment in favor of Estill and against Fowler, as fully set out in our statement. The result of this proceeding is a pure money judgment, and this was on the 19th day of September, 1924. The commitment recites that it was issued upon an order made on that date. No commitment could have been issued upon a mere money judgment.

The undated order last set out is signed by the probate judge, and marked filed February 19, 1925, and is evidently the order referred to in the commitment. This order was made upon the motion of petitioner's brothers, and the petition and notice were as against both Fowler and his wife. Just how the wife dropped out of the case does not appear. The motion was as to both, and the service was as to both, and the judgment makes no disposition of the motion so far as one of the parties cited is concerned. Ordinarily a judgment or order of a court should appropriately dispose of all the issues, and parties to it. There is no finding as to Mrs. Fowler. In this order, we find (1) a straight money judgment in favor of Estill as against Fowler, with an order for execution, and (2) an order to turn over to Estill, "said balance of $4512.94, in lawful money of the United States, on or before March 2, 1925, or show good and sufficient cause why he should not do so." In other words, we have a straight money judgment, with an award of execution, and then an order to pay the identical sum (covered by

the judgment) on or before March 2, 1925. To say the least, this is a very singular judgment. The order to show cause is clearly in aid of the money judgment first written. But with the views we have of the case, this may not be so material, but if so it can be noted later.

IV.   Dealing now solely with the order made on the motion, and affidavit of Fowler's brothers, charging him with withholding assets of the estate from Estill, administrator *pendente lite,* how stands the case? It is useless to suggest authorities to the effect that a commitment issued upon a void judgment is not a valid commitment. Its value as a writ is destroyed by showing that a void judgment is its sole foundation. The record of the probate court, now before us, shows no examination of the defendant, under oath, if such be necessary. The fatal point in this whole matter is that it stands admitted that no written interrogatories were filed, for petitioner to answer, and thereafter a trial of issues made by the interrogatories and the answers thereto. This is the procedure marked out by the law. [Trautmann v. Trautmann, 300 Mo. l. c. 321.] Petitioner testified here that he was not examined under oath, and did not admit that he ever had the money in his possession at any time after Estill was appointed. This may be immaterial, owing to the fact that no interrogatories were filed, out of which issues could be joined and tried. The probate court adjudged the case without issues being framed. The issues must be made up, before there is anything to try and adjudicate. Section 63, Revised Statutes 1919, provides that if the party cited does not admit the allegations in the affidavit, interrogatories must be filed to be answered by the party cited. This was not done, and nothing of record in the court proceedings shows an admission of the charges made in the affidavit. Section 65 provides for the trial of the issues made by interrogatories, and the answer

*Margin note:* No Admission: No Interrogatories: No Triable Issue: Void Judgment.

thereto. This, as said in the Trautmann case, supra, is the procedure marked out by the statute.

The motion filed by the brothers (supported by affidavit) charges (1) that T. A. Fowler had appropriated to his own use $4,000 in money; (2) that he turned over to Emma Fowler, his wife, $4,900 from the assets of the estate, and (3) that they are "informed that other personal property belonging to said estate, to-wit, diamonds, are being misappropriated by T. A. Fowler, and his wife, Emma Fowler."

The prayer of movents is: "Now, therefore, these interpleaders and movents move the court to make an order requiring and compelling the said T. A. Fowler and his wife, Emma Fowler, to forthwith restore and return said eighty-nine hundred dollars cash drawn from this estate to said Ben R. Estill, administrator *pendente lite,* and upon inquiry, if it be found that said T. A. Fowler and Emma Fowler have possession of any other property belonging to said estate, that they be compelled to forthwith turn same over to said administrator *pendente lite,* Ben Estill."

As stated above, Emma Fowler was lost to sight in the judgment and order. The judgment does not sustain the claims of movent for $8900, nor as to other property. Certain it can be said that there was no admission by T. A. Fowler that he had disposed of $8900 of the assets of the estate, and that he and his wife were concealing diamonds. The statute (Sec. 63, R. S. 1919) says: "If the party so cited does not admit the allegations in the affidavit, he shall be examined under oath, after which, at the instance of the administrator or executor, other witnesses may be examined both for and against such party; but before such other witnesses shall be examined, interrogatories shall be filed in writing, to be answered also in writing by the parties cited."

Section 64, Revised Statutes 1919, provides if the person refuses to answer proper interrogatories, then he may be committed to jail until he answers the same, or discharged in due course of law. Nothing of this kind

happened in this case. Then follows Section 65, which provides for a trial upon the issues made by interrogatories and the answers thereto, which shall be tried by a jury, unless the same is waived. Then follows the provision as to contempt for failure to comply with the order made.

The statutes, supra, clearly contemplate that the admission must be one made in the particular proceeding (in this case on the motion and affidavit filed by the brothers), and not otherwise or elsewhere. If the party cited makes the admission of the truth of the charges, then such admission would make the filing of interrogatories superfluous. In other words, the case would be made by the affidavit containing the charge upon the one side, and the admission of the truth of the charges on the other. No such state of facts is in the record before us.

In the absence of an admission, then there is no case until interrogatories are filed, and answer made thereto. Under the statute, it is then, and then only, that we have issues to be determined by a jury or by the court. These interrogatories serve as the pleadings in the case, and make the triable issues. Absent triable issues, and a trial, the court is without power to enter a judgment or order. Judgments must be upon issues made, and without issues made there is nothing upon which the court can act, or make an adjudication. If an adjudication is made, and a judgment entered, it is a nullity. It is not due process of law. There could not be, and there is no valid judgment or finding in this case upon which an attachment for contempt could be predicated, and when the judgment fails, the commitment upon which it is based is a nullity. The petitioner in this case is held without authority of law.

V. There is one other thought which we have in mind relative to the undated judgment and order, which we have discussed in one preceding paragraph. We are considering this as the basis for the contempt proceed-

ings. This judgment upon the motion and affidavit of the brothers embodied therein, as its chief ingredient, is a pure and simple judgment for money. It awards an execution on such judgment. In other words, we have a debt by judgment. The last paragraph of such judgment and order is a bungled attempt to force the payment of this judgment by the imprisonment of the judgment debtor. In the face of the peculiar form of this judgment, and order, we must rule that there is an imprisonment for debt, which is prohibited by our Constitution.

We are not saying that there might not be an order made which would eliminate this trouble. Neither are we saying that a good order could be made, inasmuch as Estill had a judgment (a money judgment pure and simple) in the matter of the settlement of the estate. We refer to the other judgment which we have discussed, supra.

VI. It is urged that the statutes giving the probate court the power to imprison in these proceedings, is itself unconstitutional. This question we leave for a live case. What we have said, supra, disposes of this case. Learned counsel cite three cases, which, it is said, uphold the constitutionality of the statute. One is from one of the courts of appeals, and this court would have been without authority to pass upon the question. It suffices to say that neither of the three cases pass upon the constitutionality of such laws. The constitutional question here raised was raised in neither of those cases, and not being an issue was not decided.

Upon the whole it clearly appears that the petitioner should be discharged. It is so ordered. *Blair, C. J.,* and *White, Ragland, Woodson* and *Atwood, JJ.,* concur.