In the ESTATE OF Alonzo A. DOUGAN, Deceased.

No. WD 36624.

Missouri Court of Appeals, Western District.

Dec. 3, 1985.

Gregory A. Carpenter, Gladstone, for appellant.

William Rosenthal, Michael Paul Harris, St. Joseph, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

PER CURIAM:

This is an attempted appeal by Beatrice Dougan, personal representative of the estate of Alonzo A. Dougan, from a probate court order which ordered a guardian of a deceased person to "transfer all funds in his possession which were derived from joint accounts between A.A. Dougan and Haroldbelle Dougan back to the joint accounts from which they were derived".[1] This is not an appealable order and the appeal is dismissed.

The decedent, Alonzo A. Dougan, had been declared incompetent only a short time before his death which occurred on April 29, 1984, and Max B. Benne had been appointed his guardian. At that time Alonzo A. Dougan had some savings accounts and/or time deposits which were in the joint names of himself and his brother, Haroldbelle Dougan, and in the joint names of himself and one Donna Hart. Four of these accounts were with the Home Savings of America, located in San Jose, California. Those in the joint names of decedent and Haroldbelle Dougan totaled $50,-498.57, while those in the joint names of

decedent and Donna Hart totaled $24,-737.69. There was a certificate of deposit of the Exchange Bank of Mound City, Missouri, in the principal amount of $13,728, in the names of the decedent and Haroldbelle Dougan. On April 12, 1984, the Home Savings accounts were reissued in the name "Max B. Benne, guardian of incapacitated person and conservator of estate of Alonzo A. Dougan". Apparently no change was made in the title of the Mound City Exchange Bank account.

After Alonzo A. Dougan's death, his widow, Beatrice Opal Dougan, was appointed administratrix of his estate. She filed in the guardianship estate on June 18, 1984, a "petition to have the assets of the protectee paid over to the personal representative of his estate". She alleged in this petition in rather non-specific terms that the joint accounts between the decedent and Haroldbelle Dougan and Donna E. Hart respectively were gifts by the decedent to the joint tenants and that they were made in fraud of her, Beatrice Dougan's, marital rights. She requested the order of the court that the guardian pay the funds to her as personal representative of the Alonzo A. Dougan estate "to be disbursed according to the probate laws of the State of Missouri".[2]

Whether any notice of this petition was served upon either of the joint tenants the record does not show. Donna E. Hart does

---

1. The order in its entirety reads as follows:
ORDER TO DISTRIBUTE PROPERTY
It is hereby ordered that Max B. Benne, Guardian and Conservator of Alonzo A. Dougan, pay over to Beatrice Opal Dougan, Personal Representative of the estate of Alonzo A. Dougan, all assets in his possession which were derived from joint tenancy accounts between A.A. Dougan and Donna Hart which were deposited in Home Savings of America on a finding that the credible evidence shows those transfers were in fraud of the marital rights of Beatrice Opal Dougan and, therefore, the right of the survivor Donna Hart to those funds under Section 362.470, RSMo is overcome, and it is further ordered that Max B. Benne transfer all funds in his possession which were derived from joint accounts between A.A. Dougan and Haroldbelle Dougan back to the joint accounts from which they were derived.

Dated: November 29, 1984.

2. The procedure employed and the relief requested by the surviving spouse are not the correct procedure or the proper relief, although we have held that a petition for the discovery of assets (assuming that the petition in this case could be treated as such) filed by a surviving spouse-administratrix, § 473.340, RSMo Supp. 1984, was not fatal to our jurisdiction and have proceeded to the merits of the case. *Estate of Bernskoetter*, 693 S.W.2d 249, 251 (Mo.App. 1985). However, this is not the correct procedure. The correct procedure is an equitable suit in her own right to recover property to the extent of her interest therein. *In re Estate of Curtis*, 663 S.W.2d 420 (Mo.App.1983). *See also Bernskoetter*, 693 S.W.2d at 251; *In re Estate of Mitchell*, 610 S.W.2d 681, 684 (Mo.App.1980).

not appear and the record is silent about her relationship to the decedent and about the circumstances of the establishment of the joint account with her. Home Savings of America was not a party to the proceeding, nor was the Mound City Bank.

Haroldbelle Dougan did file an answer, however, in which he claimed that he was entitled to the funds in the joint tenancy accounts between himself and the decedent.

Afterwards, on August 17, 1984, while her above-described petition was pending, Beatrice filed in the guardianship estate a "motion to have assets of the protectee paid over to his conservator". The motion had attached to it a letter, dated July 9, 1984, from the counsel of Home Savings of America which stated the intention of Home Savings to pay the proceeds of the joint accounts to the surviving joint tenants thereof, namely, Haroldbelle Dougan and Donna Hart. The letter does not mention the guardian's title to the reissued accounts. (Mr. Benne, the guardian, testified that he had received a letter from Home Savings on June 15, 1984, after Alonzo Dougan's death, stating that it had on its own initiative retransferred the accounts into the joint tenancy titles as they had existed before the transfer into Benne's name as conservator.) Beatrice's motion prayed that if Haroldbelle Dougan and Donna Hart had received the Home Savings funds that they might be required "to pay over any and all funds received by them from Home Savings of America as a result of the death of Alonzo A. Dougan to either the court, to Beatrice Opal Dougan as personal representative of the estate of Alonzo A. Dougan or to Max Benne as the conservator of Alonzo A. Dougan pending the final resolution of this action; and for such other and further relief as the court deems just in the circumstances".

After a hearing on Beatrice's petition and motion the court made the order in question.

■ The court's order is not a final judgment, § 512.020, RSMo 1978. It does not settle the issue in the case, to wit, who as between the parties is entitled to the funds represented by the joint accounts? It does not give any in personam or in rem relief to or against any person. It in no way touches the Mound City Alonzo-Haroldbelle account. If the conservator complies with the court's order to transfer the funds back into the joint accounts from which they were derived, the parties will remain in exactly the same position. The court has not spoken the "last word" on the subject. *Nimmo v. Nimmo*, 616 S.W.2d 131, 133 (Mo.App.1981); 49 C.J.S. *Judgments* § 21 (1947). The order is not "fixed and certain in its terms". *In re Marriage of Michalski*, 542 S.W.2d 96, 99 (Mo.App.1976). It does not dispose of all issues. *Glick v. Glick*, 372 S.W.2d 912 (Mo.1963); *Ex parte Fowler*, 310 Mo. 339, 275 S.W. 529 (Mo. banc 1925); *Toth v. Toth*, 483 S.W.2d 417 (Mo.App.1972); *Hance v. St. Louis-San Francisco Ry. Co.*, 283 S.W.2d 879 (Mo. App.1955). It is therefore unappealable, and we have no jurisdiction of the appeal.

Appeal dismissed.