Freeman, J.,
delivered the opinion of t-he court.
This is a scire facias based on suggestion of a devastavit seeking a. judgment against Crank, individually, for the amount of a judgment rendered against him as administrator of John G-oodson, deceased.
At April term, 1873, a judgment by default was rendered against defendant, and a motion entered to set the same aside, which motion was continued until December term, when defendant tendered an affidavit in support of his motion, together with a demurrer, as a defense to the case, also a plea, which may be treated as a plea of no assets, or as one fully administered for the purposes of this opinion. The court refused to set aside the judgment, and gave judgment for plaintiff, from which an appeal in error is prosecuted to'this court.
"Wo may say here that the motion being made at the term when the judgment was rendered, supported by affidavit, such as we find in the record, excusing the failure to plead, accompanied by a tender of a sufficient defense to the action, it would be almost a matter of course to set-aside the judgment and let the party into his defenses. But it would be idle to set aside a proper judgment rendered without a sufficient defense appearing to the action, as the only result would be to render another judgment, and perhaps the delay of another term.
The only question wo need notice is, whether a sufficient defense exists to this suit as it appears in the record.
The scire facias, which is the writ issued to summon the defendant to appear and make his defense, is probably good in its averments, as it alleges that Crank had wasted and converted to his own use the goods, chattels, etc., of his intestate. The averment o-f conversion to- his own use would not be sufficient. [Cope v. McFarland], 2 Head, *601 544. But assuming this to be so, there is a fatal defect behind this. The writ is based on matter of record, and can only be issued on a proper suggestion of a devastavit first made on the record as the ground for its issuance. [Hillman v. Hickerson], 3 Head, 577. The entry of record on which this writ purports to' have been issued is, that “Crank had converted to his own use the goods, chattels,” etc. This is not the suggestion of a matter of devastavit, as held in the case cited above — 2 Head, 544— and thea-efore no proper judgment could have been rendered under the scire facias issued at such suggestion.
The result is, that this case must be reversed, the judgment set aside, and defendant allowed to file his demurrer. It is proper to say that the demurrer should properly be more specific and point out the exact defect relied on.
The case will be remanded for further proceedings, such as the parties may deem proper in the court below.