Sneed, J.,
delivered the opinion of the court:
This is an action of ejectment, from the circuit court of Davidson county, resulting below in a verdict and judgment for the defendant. The action is to recover three city lots in Nashville, described as lots Nos. 1, 2, and 3, in said city, on McLemore street, corner of Jefferson, 247 feet front, ILaslam addition. The lots were sold for taxes due the state for 1869, as the property of Joseph Creighton.
The plaintiffs were the purchasers, and claim the lots under the collector’s deed. The defendant, Andrew Creighton, was the tenant in possession at the time the action was brought.
The first error assigned by the plaintiffs is predicated upon the action of the circuit judge in vacating a judgment by default, rendered at the return term of the original summons. The original writ was issued on the 26th of July, 1872, and executed the same day, on Andrew Creighton, the defendant, and a copy of the declaration left with him. The writ was returnable to the next ensuing term, to be held the first Monday in September, 1872, and on the first Triday of that term, being the 6th of said month, on default of defendant to appear and plead, a judgment by default, ■was, on motion, entered against 'him. At a later day of the term, on the 26th of October, 1872, one O. S. Lesueur, as executor of the last will and testament of James B. Brest, deceased, appeared in the cause by affidavit, asking that the judgment by default be set aside, and that the heirs of his said testator, who he alleges to be the real owners of the lot in controversy, be admitted to defend, one of whom is a resident of Kentucky, and the other a resident of New York. The affidavit sets forth that the affi-ant, as executor aforesaid, bought in the land at chancery sale, to secure a debt due to the estate of his said testator5 *213 tliat lie is tlie owner of said property, or holds it for said heirs, and that Joseph Creighton has no' title whatever to the same. He states further that he and said heirs have a real and meritorious defense to said action; that he had no notice of said suit until Wednesday, the 4th day of September, it being the third day of said term, and that he sent an agent to employ counsel, but it was not done until after the judgment by default had been entered, which he was informed had been taken on the third day of the term. Upon this affidavit the court vacated the judgment, by default, taxing the defendant with all the costs.
The record shows that a plea of the general issue was filed, as of the 6th of September, 1872, the day on which the judgment by default was rendered. It is insisted that the court erred in vacating this judgment. The vacating of a judgment by default is a matter of discretion with the circuit judge. He may exercise it in any case upon good cause shown. This, it is said, the courts possess, and exercise a very large discretion in vacating judgments by default for the purpose of permitting a defense to be made on the merits, . . . but a defendant in default comes with a bad grace to ask the exercise of this discretion when gross laches are imputable to bim. There should be some ground of merit in the application — something that “touches the justice and honesty of his case.” King v. Merchants’ Exchange Co., 2 Sandf., 697; Gay v. Gay, 10 Paige, 374; Fr. Judgment, secs. 541, 542.
The doctrine of this court is, that the circuit court has power, during the term, to set aside judgments by default at its discretion, upon good reason shown, and may exercise it upon sufficient grounds by affidavit of a person not a party to the suit. The Bank of Tenn. v. Skillern et al., 2 Sneed, 698; Car. Hist. L. S., sec. 279. The affiant in this case has sworn that he, as trustee, is the owner of the lots in controversy, and that he had no notice of the suit until the fourth day of the term, and that upon being informed *214 thereof, he sent an agent to employ counsel, and that his information was, that the judgment by default had been entered on the third day of the term. This is his explanation of the delay. "While it may have been -more regular for him to come in under the statute and have been made a defendant, yet lie has a right to- defend through the original defendant, and we think the affidavit fully justifies the action of the court.
The plaintiff, as we have seen, relied upon a tax title, and produced in evidence a deed from Robert Chadwell, tax collector for Davidson county, of date of 24th of Tu-ly, 1872, duly acknowledged and registered in the register’s office of said county, on the day of its date. The introduction of this instrument was objected to by the defendant, on the ground that, as a tax title it was void on its face. The court sustained this objection, and held the deed void on its face. It is argued that a collector’s deed for land sold for taxes, in addition to the other recitals required by law, must recite also, in a case like this, where three town lots were sold, that they were sold separately, and not as a whole, in order to a full compliance with the statute that provides that no land or lot shall be sold for less than the amount of the taxes, costs and charges due thereon, and that bidder shall be the purchaser who- will pay the same for the smallest number of acres, to- be run off, etc. Code, see. 621. This statute must certainly be construed as mandatory, and must be strictly followed by the collector, unless waived by the defendant, for whose benefit it was intended. "Whether its nonobservance, however, would vitiate the proceedings, we do not determine, as the question is not before us. Rut there is no law in this state that requires the collector’s deed to recite the fact that it was followed, while the fact that it was not'done might or might not constitute a good defense to an action founded upon tire collector’s deed, or whether its nomobservance would or would not be a! mere civil injury to the defendant, *215 which might be redressed by action, is another question, yet the want of such a recital would not avoid the deed.
In the case of French v. Edwards, 13 Wall., 506 [20 L. ed., 702], involving the construction of a California statute somewhat like ours, and involving, also', the question of a validity of a tax title, it was held that requirements like these, in regard to the quantum of land to be sold upon condemnation for taxes, were intended for the protection of the citizens, and to prevent a sacrifice of his property, and by a disregard of which his rights might be, and generally would be, injuriously affected, and that such provisions are not directory but mandatory. The statute provided that the officer,'in selling the property for delinquent taxes under the judgment, should “only sell the smallest quantity that any purchaser will take and pay the judgment and costs.’’ Linder ordinary judgments, the sheriff was required to sell property to the highest bidder. It was held that a deed of this officer, reciting a sale of property under a judgment for taxes to the highest, bidder, when he was authorized by the statute only to sell the smallest quantity of the property which any one would take, and pay the judgment and costs, was void on its face. 13 Wall., 506. We cite this case in support of the position that the provisions of our statute as to the manner of the sale, are mandatory, and that, in the language of the supreme court of Michigan, “what the law requires to be done for the protection of the taxpayer; is mandatory, and cannot be regarded as.directory merely.” Clark v. Crane, 5 Mich. R., 154. We cite it also to give the defendant the full benefit of it in this discussion, as he relies upon it to sustain the action of the court below in rejecting the deeds as evidence in this case. We must hold, however, that our own tax sales, and tax deeds under them, must stand or fall upon our own statutes, and that the authority in question cannot be invoked upon the question whether or not the deed in this case be void on its face or not. It is enough to say that our statute has specifically designated *216 what a tax deed shall contain to make it a good and sufficient deed as between the parties to it, and among them we do not find that the officer is required to recite the fact that the provisions of the statute in question, as to the quantum of the poperty sold, had been observed by him in the sale. These pro visions are matters of defense upon the trial. The deed is declared to be prima facie evidence of the facts it recites. Code, sec. 628. But at last its “operative character must depend upon the regularity of the anterior proceedings.’'* Black, Tax Titles,. 364. Our statute provides, that the collector, in executing such a deed, shall only be required to recite the compensation paid, a description that will sufficiently identify the land, the judgment on which the sale was made and the date thereof, in what court it was rendered, the fact of legal notice having been given, and the sale and the date of the sale of the property, and the state concludes in these words: “And in all cases where these requisites are complied with, and are recited in the deed, the same shall be good and effectual between the parties.” Code, sec. 641. We have mo power to add to. or take from this statute, but must accept it as it is, as expressing all that the legislature intended to. constitute a good deed on its face between the parties. All these recitals are contained in the deeds in question, and whatever may be the defenses to which -the defendants may resort on account of the nonobservance of the requirements of law in any of the proceedings anterior to- the deed, we cannot pronouncs the deed void on its face, as the literal terms of the statute have been followed. We hold the deed prima facie good.
[Reverse the judgment.