CARL BOYD v. MERCHANTS DELIVERY COMPANY and T. A. CLARKSON.

Middle Section.    February 11, 1928.

Jno. T. Allen and Norman Farrell, of Nashville, for plaintiff in error.

M. S. Ross and McGugin, Evans & Cate, of Nashville, for defendants in error.

FAW, P. J.   This case is before us on writ of error to the circuit court of Davidson county prosecuted by Carl Boyd, the plaintiff below, to review and reverse the final judgment of the trial court dismissing plaintiff's suit at his cost.

T. A. Clarkson, one of the defendants below, has also filed the record for writ of error to obtain a review and reversal of certain interlocutory orders of the circuit court.

The suit was brought in the circuit court of Davidson county on November 23, 1925, by Carl Boyd against the Merchants Delivery Company, a Tennessee corporation, and T. A. Clarkson, to recover damages (laid in the declaration at $20,000) for alleged personal injuries suffered by plaintiff as the result of the negligence of the defendants.

On July 3, 1926, a judgment by default was entered against both defendants and an inquisition of damages was ordered; but this default judgment was set aside on July 10, 1926, and the defendants were allowed until the next term of the court in which to plead to the declaration.

A second default judgment was entered against the defendants at the next term, viz: On November 27, 1926, and the court ordered "that a jury of inquiry be impaneled to assess the damages and that the case be placed upon the docket for trial."

On Thursday, March 31, 1927, on the regular call of the docket, a jury was impaneled and "duly sworn to well and truly assess the damages" and, on that day and the next, the testimony of the plaintiff and three other witnesses in his behalf were heard, whereupon the court respited the jury until the following Monday morning, April 4, 1927, when the jury was discharged and a judgment of the court was pronounced and entered in these words:

"Came the parties by their attorneys, also the jury who were on Friday by the court respited from the further consideration

of this cause until the meeting of court today, when the jury were by the court instructed to retire, and thereupon the defendants by their attorneys moved the court as follows:

"Come the defendants, T. A. Clarkson and the Merchants Delivery Company, and move the court for a dismissal of this cause as the records of this court show that in a former case between said Carl Boyd and said T. A. Clarkson, and over the same subject-matter, and growing out of the same accident, all matters in controversy were disposed of by a judgment in favor of this plaintiff and against said defendant, T. A. Clarkson, which judgment was paid by said defendant on February 20, 1920, and this court must take judicial notice and knowledge of said former judgment, and dismiss the cause now pending.

"Upon argument of counsel and due consideration thereof the court grants said motion and dismisses said case of plaintiff.

"It is therefore considered that plaintiff's suit be and the same is hereby dismissed, and that the defendants, T. A. Clarkson and Merchants Delivery Company have and recover of the plaintiff, Carl Boyd, all the cost of this cause for which execution may issue.

"The jury in this cause returning into open court was discharged by the court.

"To the action of the court in granting defendants' motion and dismissing plaintiff's suit, the plaintiff at the time excepted and now excepts."

In due season, a motion for a new trial was made by plaintiff and overruled by the court, and plaintiff was granted an appeal in the nature of a writ of error to this court and was allowed thirty days from the date of the order (April 16, 1927) in which to execute his appeal bond or take the oath prescribed for poor persons and to prepare and file his bill of exceptions. Plaintiff filed a bill of exceptions within the time thus granted, but filed no appeal bond, and did not file an oath in lieu of bond until June 2, 1927. However, on May 10, 1927 (which was within the thirty days first granted), an order of the court was entered purporting to allow the plaintiff an additional thirty days' time in which to "give an appeal bond or to take the pauper's oath for perfecting said appeal."

On September 14, 1927, plaintiff filed the record for writ of error, without assigning any reason for his abandonment of his attempted appeal in error. However, we assume that he was moved to this course by the fact that the order of May 10, 1927, purporting to extend the time for filing bond or oath, was made at a term subsequent to that at which the appeal was granted. After the adjournment of the term at which an appeal is prayed and granted, the trial court has no power to extend the time for filing an appeal bond

or oath in lieu thereof. We shall, therefore, treat the case as heard on writ of error.

Assignments of error have been filed in this court by plaintiff, corresponding to the grounds of his motion for a new trial below, which assignments, as we see the case, point out reversible error in the judgment of the circuit court.

The only matter before the jury was the assessment of plaintiff's damages under the writ of inquiry awarded by the court upon judgment by default against the defendants. After repeatedly declining to permit the defendants to file pleas of accord and satisfaction and pleas of res adjudicata, the court permitted the defendants to read from the dockets, files and minute books of the court in which the present case was then on trial, and to thus read into the record of this case, in the presence of the jury and over the objection of plaintiff, the record of an action brought on September 10, 1918, by Carl Boyd, a minor suing by J. R. Boyd, as next friend, against T. A. Clarkson. The record thus introduced may be seen from an excerpt from the bill of exceptions as follows:

"Mr. Cate: We offer to read into the record certain documents and certain records that appear on the books of this court.

"We offer first the clerk's appearance docket, number thirteen, containing cases from No. 7971 to No. 8970, and we call the court's specific attention to case No. 8934, filed September 10, 1918, through attorneys A. B. Anderson and J. M. Anderson, for the plaintiff, Carl Boyd by next friend, J. R. Boyd, and against T. A. Clarkson, who was represented by attorney P. M. Estes. The record shows that suit was entered for $10,000 damages and service of process was had.

"Mr. Allen: I would just let him copy the record.

"Mr. Cates: We are reading it to the jury. I will let you read it to him. 'Came to hand tenth day of September, 1918, and executed by reading the within process to T. A. Clarkson, this tenth day of September, 1918, D. R. Myers, D. S. Declaration and copy filed January 19, 1920. Plea and copy filed February 20, 1920. Compromised by jury oath.'

"Now if your Honor please, we offer to read the declaration filed in said cause, eight, nine, thirty-four, Carl Boyd, by etc., T. A. Clarkson, filed January 19, 1920, W. B. Cook, clerk, J. M. Anderson, A. B. Anderson, attorneys.

" 'Carl Boyd, by next friend, J. R. Boyd v. T. A. Clarkson.

" 'In the circuit court of Davidson county, Tennessee.

" 'Appearance Docket No. 8934.' "

## DECLARATION.

"Carl Boyd, a minor, fifteen years of age, by next friend, J. R. Boyd, sues the defendant, T. A. Clarkson, for ten thousand ($10,000) dollars, and for cause of action says:

"'That heretofore, to-wit, on the 11th day of April, 1918, the plaintiff, Carl Boyd, was attempting to cross 16th avenue, South street in the City of Nashville, at or near the corner of Freemont street, in the auto delivery wagon of his employer, and while he was in the lawful use and occupation of said street and attempting to cross the same, as aforesaid, the defendant, T. A. Clarkson, approached through said 16th avenue South (street) from the south in a high powered automobile which he was running at a reckless and unlawful rate of speed, running the same into the delivery wagon in which the plaintiff, Carl Boyd, was riding, with such force and violence as to knock him, the said plaintiff, entirely out of the wagon in which he was riding onto the street, breaking his leg, cutting his head, and otherwise bruising, wounding and injuring him. Plaintiff was himself in the exercise of due care, and his injuries resulted solely and alone from the negligence of the defendant; hence this suit. And plaintiff demands a jury to try the case.

"'A. B. Anderson,
"'J. M. Anderson,
"'Attorney for Plaintiff.'

"I will read the plea.

"'Case Number 8934. Appearance Docket.

"'Carl Boyd, by next friend, v. T. A. Clarkson.

"'Plea of not guilty. February 20, 1920.

"'W. B. Cook, clerk. P. M. Estes, attorney for defendant.

"'Carl Boyd, by next friend, etc., v. T. A. Clarkson.

"'Plea of not guilty. Case #8934.

"'The defendant for plea says that he is not guilty of the matters and things in the plaintiff's declaration alleged.

"'P. M. Estes, attorney for defendant.'

"The Court: What was that you read on the opposite side?

"Mr. Cate: I read the notation on the back then read the plea itself.

"Now, if your Honor please, and gentlemen of the jury—

"Mr. Allen: I don't want to be understood as waiving any of my rights, I except to reading of all these by the defendant.

"The Court: It is all understood and I overrule the objection and you except.

"To which action of the court the plaintiff then and there duly excepted.

"Mr. Cate: Your Honor please and gentlemen of the jury, I am reading from Minute Book 51, Davidson county first circuit court, the minutes of February term, 20th day of February, 1920, page 227.

"Carl Boyd, by next friend, John R. Boyd, v. T. A. Clarkson.

" 'Came the parties by their attorneys, also a jury of good and lawful men of Davidson county, to-wit, W. B. Paul, W. J. Nolen, A. J. Jones, C. N. Polston, E. C. Rice, S. H. Pride, Jno. Hubbs, Albert Baxter, A. A. Fuqua, Jesse Foreman, E. T. Walton, J. W. McAlpine, who being duly sworn to well and truly try the issues joined and they having heard the conclusion of the evidence, argument of counsel and charge of the court on their oaths do say they find the issues in favor of the plaintiff by reason of the premises assess his damages at $150.

" 'It is, therefore, considered that the plaintiff, Carl Boyd, by next friend, John R. Boyd, have and recover of the defendant, T. A. Clarkson, the sum of $150 also all the costs of the cause, for which let execution issue.'

"Now, if your Honor please, and gentlemen of the jury, I am reading from the record from execution book No. 26, Davidson county circuit court, pages 386, and 387, No. 36024.

"Carl Boyd, by next friend, John R. Boyd v. T. A. Clarkson.

"Judgment February 20, 1920, $150.

| | | |
|---|---:|---:|
| "State Tax, | $3.00 | |
| "County Tax, | 3.00 | |
| "Clark Cook, | 5.95 | |
| "D. S. D. R. Myers, | 1.00 | $12.95 |

"March 16, 1920, received of W. B. Cook, clerk, $150 the opposite judgment in full.

"John R. Boyd,

"February 20, 1920, received of P. M. Estes, attorney, $150 the opposite judgment in full,

"W. B. Cook, Clerk.

"February 21, 1920, received of P. M. Estes, attorney $12.95 the opposite B. C. in full,

"W. B. Cook, Clerk.

"Your Honor please, I am reading again from Minute Book 51, Davidson county first circuit court, the minutes of the February term, the 11th day of March, 1920, page 275.

"Carl Boyd, by next friend, J. R. Boyd v. T. A. Clarkson.

" 'In this cause it appearing that on a former day of the present term of court the plaintiff obtained a judgment against the defendant in the sum of $150 that said Carl Boyd has no regular guardian and that said minor is now living with his

father and natural guardian J. R. Boyd, and that said J. R. Boyd, father of said minor, is in need of said sum of $150 for the maintenance, support and education of said minor, upon affidavits of P. M. Goodson and J. M. Anderson that the said J. R. Boyd is a suitable person to have said funds.'

" 'It is, therefore, considered that the clerk of this court pay the said sum of $150, the amount of the recovery in this cause to the said J. R. Boyd, father and natural guardian and take his receipt for same.'

"Your Honor please, it appears from these minutes that the same were signed on the respective dates of February 20, 1920, and March 11, 1920, by A. G. Rutherford, presiding judge.

"Mr. Allen: Now, I wish to note my exception again to the reading of those records for the reason as I have heretofore stated, the pleadings do not justify introducing any such proof.

"The Court: Let the objection be overruled, to which plaintiff excepts.

"To which action of the court the plaintiff then and there duly excepted."

The proof shows that plaintiff Carl Boyd was born on April 3, 1904, and was, therefore, about fourteen years and five months of age when the aforesaid action of Carl Boyd, by next friend, etc., v. T. A. Clarkson was brought. The present suit was begun about seven and one-half months after plaintiff attained his majority.

After the defendants read to the court and jury the aforesaid record of the former suit, defendant testified, in response to questions asked him by his counsel, that he was not present when the former suit was tried, did not know and had never heard that such suit had been brought or that there was such a record in the circuit court of Davidson county, had never received anything whatsoever from Mr. Clarkson as damages for the injury now sued for, and had never been paid in person anything for the injuries he is now suing for. However, the court subsequently announced that, on reflection, he would sustain the exception of defendants to plaintiff's testimony that he had not received any of the money paid by defendant Clarkson on the aforesaid judgment rendered in 1920.

After the conclusion of the proof, the defendants presented to the court a series of motions, the majority of which had as their object the dismissal of plaintiff's suit. All of said motions were overruled by the court except the fifth, which was in these words:

"Mr. Cate: If your Honor please, the fifth motion I wish to interpose for Mr. Clarkson, is as follows: Defendant, T. A. Clarkson, moves the court for a dismissal of this cause as to him, because the records of this court show in a former cause between the same parties and over the same subject-matter, all matters

in controversy were disposed of by a judgment in favor of this plaintiff and against this defendant, which judgment was paid by this defendant on February 20, 1920, and this court must take judicial knowledge of said former judgment, and dismiss the cause now pending.''

Although first made by counsel for defendant Clarkson, the fifth motion, supra (and all the others of the series mentioned), were adopted by defendant Merchants Delivery Company, and were treated by the trial court as made on behalf of both defendants.

The fifth motion, supra, was sustained by the circuit court. The motions were made and argued by counsel, and the court's rulings thereon announced, in the absence of the jury, but at the conclusion of the court's statement of his reasons for sustaining the fifth motion of defendants, the jury returned into court and was instructed by the court as follows:

''Gentlemen of the jury, the records filed in this case show that this cause of action has been tried and finally determined by this court several years ago, and it would be unlawful to proceed further with it the second time, so I have dismissed the case and there is nothing else on the docket today.''

Thereupon, the judgment hereinbefore copied dismissing plaintiff's suit was pronounced and entered of record. The plaintiff preserved exceptions to the rulings and judgment of the court adverse to him.

We are of the opinion that the learned trial judge erred in his ruling that he ''must take judicial notice and knowledge of said former judgment'' in his own court. Although a few courts of other jurisdictions have, in exceptional cases, taken judicial cognizance of their own judgments in other suits between the same parties (15 R. C. L., pp. 1112-1113), it has been held by our Supreme Court that, in the determination of a case, it cannot look outside of the record of the case on trial and consider the record in another case on its own docket. Hill v. Hillsman, 7 Lea, 196. And this is the general rule. See note on ''Judicial notice of proceedings in other causes,'' A. and E. Annotated Cases, 1915-B, p. 651.

However, in the present instance, the record of the former judgment, with the entire record of the cause in which it was rendered, was introduced and was admitted in evidence in the pending case, and at last the question is, whether it was admissible as a bar to plaintiff's action, after judgment by default and when the only question open was the amount of damages to which the plaintiff is entitled.

The procedure appropriate to this case, and which was followed in the trial court prior to the order of dismissal, is prescribed by sections 4678 and 4679, Shannon's Code, as follows: (4678) ''If

the defendant failed to appear and defend at the time prescribed by law, judgment by default may be taken against him;'' (4679) ''In such case, the judgment is final if the amount of the plaintiff's claim can be ascertained by simple calculation from the papers; when the amount cannot be thus readily ascertained, the damages will be assessed by a jury impaneled at the same term for the purpose.''

In the case of Union Bank v. Hicks, 4 Humph, 326, it was held that a judgment by default is an admission of the cause of action, and upon an inquiry of damages, evidence is inadmissible to show that no cause of action existed.

In Turner v. Carter and Pulliam, 1 Head., 520, 525, the court said:

''All that we propose at present, as to this part of the case, is to determine whether the defendant, on the inquisition of damages, had a right to be heard, or to offer evidence for any purpose. And we hold it to be clear that he had, to a limited extent.

''The legal effect of the interlocutory judgment, which, for the present purpose, may be supposed to have been properly entered, was simply to establish the plaintiff's naked right to maintain their action, and, consequently, to recover some damages, though they might be merely nominal. But the quantum of damages remained an open one, to be ascertained by proof; and upon this question both parties had an equal right to be heard. The defendant was no further compromitted by the judgment by default, than to preclude him from denying the plaintiffs' right to nominal damages. But, subject to this qualification, he had the right to show, if in his power, that the plaintiffs had no legal claim to damages; and, if successful in the attempt, the plaintiffs would have been entitled to nothing more than merely nominal damages.''

The case of Warren v. Kennedy, 1 Heisk., 437, was an action to recover damages for wrongfully taking ''one mare, seven mules and one bridle.'' Judgment by default was taken against the defendant, a writ of inquiry awarded, and a jury was impaneled and sworn well and truly to inquire and ascertain the damages. The jury found for the plaintiff and assessed his damages at five cents, and the plaintiff appealed. It appeared from the proof that the mare, mules and bridle the defendant had, according to the declaration, wrongfully taken from the plaintiff and converted to his own use, were worth $500; but there was no evidence to show that defendant was present at the taking of the property, or had anything to do with it. The plaintiff's counsel asked the court to charge the jury that the judgment by default admitted the plaintiff's right of action, and that the plaintiff was entitled to recover the full amount of damages shown by the evidence. This request was refused, and, the charge of the court was not in conformity to the instructions

thus requested on behalf of plaintiff; and in the Supreme Court the case turned upon the question of "whether the judgment by default so admitted the plaintiff's right of action as to entitle him to recover the full amount of damages shown by the evidence." After a discussion of authorities bearing upon the proposition just stated, the opinion of the court concludes as follows:

"The case of Turner v. Carter and Pulliam, 1 Head, 525, is not in conflict with the authorities cited. In the case, the defendant had filed an informal plea of abatement, to which a demurrer was sustained, and had then moved for leave to plead over, and accompanied his motion with pleas and a strong affidavit, showing a meritorious defense; but his motion was refused, and it was held that, 'to a limited extent,' he had the right to be heard upon the inquisition of damages. It was said that the defendant was no further compromitted by the judgment by default than to preclude him from denying the plaintiff's right to nominal damages, and might show, if in his power, that the plaintiffs had no legal claim to damages, in which event they could recover nothing more than nominal damages. That was an action of assumpsit, in which the cause of action is not stated. This is an action of tort, in which the articles of property are distinctly specified in the declaration. There the defendants in error had shown that they had a meritorious defense, and a privilege was denied, to which they were entitled as a matter of right. Here, no effort was made to defend before the judgment by default was taken, and no proof was offered or introduced by the defendant upon the inquisition of damages. He rested his defense solely upon the ground that there was no evidence to show that he was present at the taking of the property, or had anything to do with it—a defense which would have been proper if he had pleaded not guilty; but the judgment by default, if it admitted anything, was equivalent to an admission that he caused and procured it to be done; and this might well be inferred from the proof, in connection with the other facts of the case, that he had offered a less price for the mules, a few days before, than the plaintiff was willing to take.

"Reverse the judgment, and remand the cause."

In the case of M. and O. Railroad Co. v. Dowd, 9 Heisk., 178, 184, the court said:

"The legal effect of the judgment by default was simply to establish the right of the defendant in error to maintain his action, and consequently to recover some damages. But the plaintiff in error was no further compromitted by the judgment by default than to preclude him from denying the right of the defendant in error to nominal damages. Subject to this qual-

ification, he had the right to show that the defendant in error had no legal claim to damages, and if successful in this, the defendant in error would have been entitled to nothing but nominal damages.''

In the case of Insurance Co. v. Thornton, 97 Tenn., 1, 16 (40 S. W., 136), the court said:

"In Warren v. Kennedy, 1 Heisk., 437, this court said: 'We hold that, where there is a failure to plead and a judgment by default at law, the effect of the judgment is the same as that of a judgment pro confesso in equity, which admits the allegations of the bill.' In Union Bank v. Hicks, 4 Hum., 326, it is said: 'It is laid down in all the books on practice, and is unquestionable, that a judgment by default is an admission of the cause of action,' and it was there held that, in an action against a bank for neglect in making demand of payment of notes intrusted to it for collection, and in giving notice to the indorsers, upon the execution of the writ of inquiry, after judgment by default that evidence that one of the indorsements was a forgery, was inadmissible.

"Applying this rule to the case at bar, where, in the declaration, the purchase of $12,000 of accident policies, for a consideration, from the company, the death of the assured within the terms and life thereof had occurred, and notice and proofs were distinctly averred, after judgment by default, upon the execution of the writ, the defendant would not be permitted to show a purchase from an agent whose authority to sell was limited to $6,000. On the contrary, all the jury would find to do in executing the writ would be to give interest on the amount of these ticket policies within their discretion.''

The rule in other jurisdictions is that in assessing damages upon default, evidence which would defeat the action cannot be given by the defendant, but only such as would reduce the damages. Cook v. Skelton (Ill.), 71 Am. Dec., 250, and cases cited in note on page 252.

On this subject, in 17 Corpus Juris, pp. 1049-1050, it is said:

"As the default admits a cause of action, proof thereof need not be offered, and plaintiff is entitled to nominal damages without introducing evidence. His petition is not, however, to be taken as true, and if he would recover a greater amount he must prove the same. Generally speaking, all evidence conforming to the pleadings and tending to show the amount of the demand or matters in aggravation of the injury is admissible; while under like limitations evidence tending to mitigate or reduce the damages is admissible on behalf of defendant. Evidence of matters which would have constituted a good plea in bar to the

cause of action is generally held to be inadmissible. It may, however, happen that evidence which might, if used, have been available to prevent a judgment may after judgment be available to reduce the damages to a mere nominal sum."

We are of the opinion that the record of the aforesaid judgment of 1920 was competent evidence to go to the jury by way of reduction of damages. In the case of Willson v. Willson, 57 Am. Dec. 320, 329, the Superior Court of Judicature (the court of last resort in New Hampshire) said:

"The question in the case is, whether after a default the defendant may introduce evidence tending to prove an adjustment or payment of the damages. The default admits the cause of action, and the material and traversable averments: Bates v. Loomis, 5 Wend., 134. The amount of damages is not admitted: Brill v. Neele, 1 Ch. Rep., 619. Now the very question to be determined is, what damages the plaintiff should recover. It would be singular if, merely because of a default which does not admit any particular sum, the defendant could not show that whatever damages had been sustained by the plaintiff had been adjusted and paid in whole or in part. Our practice is to submit the question of damages to the jury, or to assess the damages upon affidavits laid before the court, at the election of the parties. We see no objection to the reception of competent evidence after a default, upon this point, and the only question made is whether any evidence is admissible after the default. No question is made by the case concerning the admissibility of this evidence, and whether before or after the default makes no difference. It is as competent in the one case as in the other."

We do not understand the New Hampshire court to hold that, upon an inquisition of damages after the entry of a default judgment, the defendant could, by proof of payment in any manner or in any sum, defeat plaintiff's right to recover at least nominal damages. Thus construing the opinion in Willson v. Willson, supra, we think it is sound.

In this view, the plaintiff's first, second, fifth and sixth assignments of error, which challenge the action of the trial court in admitting the record of the former judgment of 1920 in evidence for any purpose, are overruled.

Through his assignments of error numbered three and four the plaintiff asserts (a) that the trial court erred in dismissing plaintiff's suit on motion of defendants; and (b) that the trial court erred in taking the case from the jury and dismissing the suit. In our opinion, the plaintiff's third and fourth assignments of error, supra, are well made, and they are sustained.

Plaintiff has presented an assignment of error numbered three and one-half in which he says that "the court erred in holding and ruling that the judgment against Clarkson and its satisfaction would be any defense to the Merchants Delivery Company."

The theory of plaintiff (speaking through his counsel) seems to be that because the Merchants Delivery Company was not a party to the former suit, the judgment in that case is not available for any purpose. From this viewpoint, said assignment numbered three and one-half is overruled, for the two defendants are sued as joint tort-feasors, and anything which operates as a reduction of damages will equally enure to the benefit of both defendants.

The plaintiff has tendered one other assignment of error—the seventh—in which he says that "the court erred in not allowing the case to be passed on by the jury and in not instructing them that the only evidence they should consider was the nature and extent of the plaintiff's injuries, and in allowing evidence to be introduced of the record, proceedings and judgment in the suit of Boyd v. Clarkson in bar of the present suit."

Insofar as this latter assignment asserts that the court erred in not allowing the case to be passed on by the jury and that the court erred in considering the proceedings and judgment in the suit of Boyd, by next friend, etc., v. Clarkson in bar of the present suit, it is sustained, but in other respects it is overruled.

On October 17, 1927, one of the defendants, T. A. Clarkson, filed the record for writ of error and has assigned errors as follows:

"1. The honorable trial court erred in failing and refusing to grant the motion of the defendant, T. A. Clarkson, to set aside the judgment by default taken against him in said suit.

"2. The honorable trial court erred in denying defendant Clarkson's motion for leave to file his pleas of res adjudicata and accord and satisfaction, and refusing to permit him to file such pleas, the same being based upon the record in the first suit of Carl Boyd, by next friend and father, J. R. Boyd v. Thos. Clarkson."

By the final judgment below, defendant Clarkson obtained all the relief which it was possible for the court to give him, viz: a dismissal of the suit at the cost of the plaintiff. Of course, he did not move for a new trial, as he had obtained the relief he was seeking, and he is here relying upon the judgment of dismissal and insisting upon its affirmance.

In exceptional cases the successful party in a tort action at law, where his adversary has appealed, may assign errors in the appellate court upon rulings adverse to him made by the trial court in the progress of the cause. Heald, Receiver, v. Wallace, 109 Tenn., 346, 356, 71 S. W., 80. But whether this case falls within that rule

admits of serious doubt. However, we have considered defendant Clarkson's assignments of error.

Where an application is made to set aside a judgment by default and permit the defendant to file pleas, and the application presents a question of fact as to the diligence or lack of diligence of the applicant, or as to his having been taken by surprise, or having been mistaken in a matter of fact, the application will appeal to the discretion of the court, and the appellate court will not disturb the exercise of that discretion, unless a clear abuse thereof is shown. 2 R. C. L., p. 215, sec. 179; 6 Ency. of Pleading and Practice, p. 232; Brien v. Creighton, 2 Shan. Cas. 211, 213; Jones v. Cloud, 4 Cold., 236, 239; Bank v. Skillern, 2 Sneed, 697, 699; Mabry v. Cowan, McClung & Co., 6 Heisk., 295, 298. We do not think it is reasonably possible to hold that this record discloses an abuse of discretion on the part of the trial judge in refusing to set aside the second judgment by default against the defendants, or either of them.

The facts involved in Jackson v. Crank, 1 Shan. Cas., 599 and Bolling v. Huddleston, 8 Hig., 339, upon which defendant Clarkson relies, are so unlike the facts of the case at bar that they afford no support to his assignments of error.

As a matter of course, the trial court could not properly allow the defendant to file a plea in bar of the plaintiff's action, such as accord and satisfaction or res adjudicata, unless and until the default judgment was set aside.

The assignments of error on behalf of the defendant Clarkson are overruled and his writ of error is dismissed. But for the error pointed out by plaintiff's assignments, as hereinbefore indicated, the judgment of the circuit court, dismissing plaintiff's suit and taxing him with the costs, is reversed and set aside, and the cause will be remanded to the circuit court of Davidson county for an assessment of damages. (2 Cold., 494; 132 Tenn., 302.)

The costs will be adjudged against the defendants Merchants Delivery Company and T. A. Clarkson, except the cost of the writ of error sued out by T. A. Clarkson, which latter cost will be adjudged against T. A. Clarkson and the sureties on his bond for his writ of error.

Crownover and DeWitt, JJ., concur.