WRIGHT v. LINDSAY, No. 15.—140 S. W. (2d) 793.

Eastern Section.  January 9, 1940.

Certiorari Denied by Supreme Court, April 6, 1940.

Mark Webster, of Knoxville, for plaintiff in error.

Hartman, Lockwood & Carson, of Knoxville, for defendant in error.

McAMIS, J. This is an action for damages for alleged alienation of affections. Plaintiff below, Charles Lee Wright, has appealed from the action of the court in directing a verdict in favor of the defendant and, by the assignments, insists that the court erred in setting aside at a former term a default judgment in his favor in the sum of $400 and erred in directing the jury to return a verdict in favor of the defendant at the second trial when plaintiff stood upon his judgment by default and declined to introduce proof.

The defendant was served with process in August, 1937. The case came on for trial at the January, 1938, term, and the defendant, having failed to make defense was called out on March 24, 1938, when a judgment by default was rendered. A jury, impanelled for the purpose, fixed the damages at $400.

Within the term and within 30 days after the rendition of judgment by default, defendant filed a motion, supported by affidavit, to set aside the judgment by default and permit him to defend upon the merits. This motion, within 30 days after judgment by default, was sustained and the cause placed upon the docket for trial at the succeeding term. Plaintiff was allowed 30 days in which to prepare and file a wayside bill of exceptions reflecting the proceedings had, and the action of the court upon defendant's motion to vacate the judgment by default.

A purported wayside bill of exceptions appears within the transcript bearing the endorsement of the Clerk but not the authenticating signature of the trial judge.

At the September, 1938, term, defendant having filed a plea of the general issue, the case was again called for trial, the jury im-

panelled and sworn and the witnesses called. The court directed plaintiff to put on his proof, whereupon plaintiff declined to introduce any proof, stating that he stood upon the judgment by default rendered at the preceding term. Defendant thereupon moved the court to direct the jury to return a verdict in his favor. This motion was sustained and the jury, upon the court's instruction, returned a verdict in favor of defendant. Plaintiff moved the court for a new trial which was denied and he has prosecuted his appeal in error to this court.

■ The insistence is made that defendant misconceived his remedy to have the default judgment vacated and should have moved the court for a new trial or prosecuted a writ of error to this court. It is well settled that the proper method of application is by motion, supported by a sufficient affidavit, excusing the failure to plead and accompanied by a tender of a sufficient defense to the action. Jones v. Cloud, 44 Tenn. (4 Cold.), 236; Mabry v. Cowan, McClung & Co., 53 Tenn. (6 Heisk.), 295; Brien & Woodward v. Creighton, 2 Tenn. Cas., 211.

■ Action upon such a motion must, of necessity, be based upon evidence adduced before the trial court showing diligence or a lack of it and in the absence of a proper bill of exceptions, authenticated by the trial judge, the appellate court will presume that the circuit judge had sufficient cause or reasons for setting aside the judgment. Gilchrist v. Satterwhite, 7 Tenn. Civ. App. (7 Higgins), 321.

■ Since the affidavit and other proof, if any, presented to the trial judge is not incorporated within the transcript before us in this case we are deprived of the right to review the evidence upon which the circuit judge acted and, the presumption being that he acted rightly and within his discretionary power, it results that the assignments directed to the action of the court in setting aside the judgment by default must be overruled. However, it may not be amiss to say that if the proof be assumed to correspond with the statements contained in the briefs, we are unable to see any abuse of discretion.

■ As to the second proposition asserted by plaintiff, that the court erred in directing a verdict in favor of defendant because there was no proof introduced, the effect of sustaining this insistence would merely change the form of the judgment from one dismissing plaintiff's suit upon a jury verdict directed by the court to one of dismissal by the court. A judgment in either form would operate as a judicial estoppel and constitute res judicata precluding the institution of another suit upon the same cause of action. For this reason the form of the judgment has resulted in no harm and if the court was in error in directing the jury to return a verdict for the reason assigned, no harm has resulted to plaintiff since this court will pronounce such judgment as the trial court should have pronounced.

■ "A judgment or decree to be a bar as res adjudicata must be on the merits, but to this end it is not necessary that the litigation should be determined on the merits in the moral or abstract sense of these words; it is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases." Parkes v. Clift et al., 77 Tenn. (9 Lea), 524. See also 34 C. J., Section 1194, p. 775.

■ It is well settled that this court will not reverse for technical or harmless errors which do not in any way affect in any material respect the rights of the parties and it results that the judgment below must be affirmed with costs.

Portrum and Ailor, JJ., concur.

On Petition to Rehear.

McAMIS, J. Plaintiff in error, Charles Lee Wright, has petitioned the court for a rehearing insisting, as we understand the petition, that the judgment of the court is erroneous for the reason that the record fails to reveal a state of facts upon which the court could exercise its discretionary power in setting aside the judgment by default and erred in granting the petition to set aside the judgment by default without requiring the payment of costs. In the latter connection, the record shows that all the costs of the cause were taxed to defendant in the judgment setting aside the judgment by default. We think this was sufficient.

As pointed out in our former opinion, the wayside bill of exceptions does not appear to have the authenticating signature of the trial judge and we have no way of knowing the facts upon which he acted. Upon the whole the petition to rehear presents nothing new for the consideration of the court with the possible exception that the judgment by default should not have been vacated merely upon a showing of a meritorious defense and a plea of the general issue. The question of the sufficiency of a plea of the general issue does not appear to be challenged in the assignments filed in this court and, for that reason, will not be considered.

The petition to rehear is found without merit and is overruled.