IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## VICTORIA ROBBINS v. BILL WOLFENBARGER, D/B/A WOLF'S MOTORS and SAM HORNE

**Direct Appeal from the Circuit Court for Blount County**
**No. L-11942     Hon. W. Dale Young, Circuit Judge**

**FILED AUGUST 2, 2000**

**No. E1999-02012-COA-R3-CV**

A default judgment was entered against Horne and the Trial Court subsequently overruled Horne's Motion to Set Aside the Default. Horne has appealed. We affirm the judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Hubert D. Patty, Maryville, Tennessee, for appellant Sam Horne.

Linda G. Shown, Alcoa, Tennessee, for appellee Victoria Robbins.

**OPINION**

On may 7th, 1999, plaintiff Robbins filed a complaint for damages against Wolfenbarger and Horne, alleging breach of contract, intentional misrepresentation and negligence, *per se*. On August 26, 1999, an Order of Compromise and Dismissal was entered as to Wolfenbarger individually and d/b/a Wolf Motors.

Horne did not file an answer during the time allowed by the Rules of Civil Procedure, and Robbins filed a motion for default judgment on July 9, 1999. Horne wrote a letter to the plaintiff's attorney in response to the complaint and summons, postmarked July 16, 1999. The letter was forwarded to the Clerk of the Court for filing by plaintiff's counsel's letter dated July 30, 1999.

On August 27, Robbins' Motion for Default Judgment was heard, but Horne who had notice did not attend. Default judgment was entered on September 1, 1999.

Horne then retained counsel and filed a Motion to Set Aside the Default on September 10, 1999, which Motion was heard on October 4, 1999. The Trial Court denied the Motion and set a date for hearing damages. Thereafter, a full evidentiary hearing on damages was held and a Judgment for damages in the amount of $1,881.84 plus interest, was entered.

Horne then filed this appeal.

Rule 55.02 of the Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside a default judgment by default in accordance with Rule 60.02." Rule 60.02 provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or that party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. A motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

A party seeking to set aside a default judgment has the burden of demonstrating that it is entitled to relief. *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991); *Walker v. Baker*, 738 S.W.2d 194, 196 (Tenn. Ct. App. 1987); *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). In order to obtain relief, the party must satisfy the court that it is entitled to relief based on one of the grounds in Tenn.R.Civ.P. 60.02 and that it has a meritorious defense to the plaintiff's suit. *Patterson v. Rockwell Int'l.*, 665 S.W.2d 96, 100 (Tenn. 1984); *Turner v. Turner*, 739 S.W.2d 779, 780 (Tenn. Ct. App. 1986).

The setting aside of a default judgment lies within the sound discretion of the trial court. *Tennessee Department of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985). However, courts should liberally construe 60.02's requirements when a party is seeking relief from a default judgment. *Barbee* at 866. The court should also consider whether the movant's default was willful or culpable, and examine the extent to which the movant's conduct has prejudiced the non-defaulting party. *Id.* Court's should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside. *Nelson v. Simpson*, 826 S.W.2d 486 (*citing Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973)).

In this case, the Trial Court granted plaintiff's Motion for Default based on the fact that Horne "failed to answer within the time prescribed by law." Horne received plaintiff's summons on May 27, 1999, but as of July 9 Horne had failed to answer or otherwise defend the complaint, and the Motion for Default was filed at that time. Whether the letter from Horne constituted an answer or an appearance, the earliest it could have been deemed served was July 16, 1999, about 50 days after Horne had been served with the complaint.

The language of rule 55.01 makes it clear that a judge, in the exercise of sound judicial discretion, may enter a default against a party who has failed to plead or otherwise defend in accordance with the rules, as long as proper notice of hearing on the motion is given. *See* Tenn.R.Civ.P. Rule 55.01; *Patterson* at 100.

A recent case out of the Middle Section of this Court, considered whether the Trial Court had abused its discretion in granting a motion for default judgment, where the defendant had filed his answer minutes before the court's consideration of the motion. *State v. Looper*, 2000 WL 354404 (Tenn. Ct. App. April 7, 2000). The defendant argued that even an untimely answer precludes entry of a default judgment, basing his argument on *Tolbert v. Tolbert*, 1994 WL 705230 (Tenn. Ct. App. Dec. 15, 1994) and *BellSouth Advert. & Publ'g Corp. v. Bonilla*, 1995 WL 611283 (Tenn. Ct. App. Oct. 19, 1995). The Court in *Looper* distinguished those cases and found that the court had discretion to enter a default judgment where defendant had failed to timely plead or defend in accordance with the rules.

The Court in *Wright v. Lindsay*, 140 S.W.2d 793 (Tenn. Ct. App. 1940), set forth the procedure to have a default judgment vacated. A motion to set aside the default should be filed, supported by a sufficient affidavit excusing the failure to plead, and accompanied by a tender of a sufficient defense to the action. *Id.* at 795. Horne completely failed to meet this burden, as he offered no explanation, pursuant to Rule 60.02 as to the lateness of his letter in response to the complaint. His entire argument rests on the fact that he did not know that he was to also serve an answer on the Court, in addition to the plaintiff's attorney. He contends his response complied with the language of the summons, but because the summons was defective, he failed to serve his answer on the Court. The summons did not state that Horne was to serve his answer upon the Court. While this deficit in the summons may explain, or even excuse, Horne's failure to serve his answer upon the Court, it is not responsive, nor does it explain why his service upon the plaintiff's attorney was almost a month after the time for filing an answer expired. Moreover, a default judgment will not be set aside unless the defendant makes a showing of a meritorious defense. *Patterson v. Rockwell Int'l.,* 665 S.W.2d (Tenn. 1984).

Horne failed to demonstrate to the Court such a defense, as his Motion simply states that "the defendant believes that he is not liable to plaintiff to any extent based upon the complaint filed against him." In *Patterson*, the Court held that such conclusory statements do not constitute an assertion of a meritorious defense required to set aside a default judgment.

The defendant merely asserts: "The respondent, Rockwell International, believes itself to have a good and valid defense to this action." This is merely a conclusory

statement and does not constitute the assertion of a meritorious defense to the plaintiff's claim. Having failed to assert a meritorious defense as a condition to seeking relief, the defendant's effort to set aside the default judgment against it must fail.

*Patterson*, 665 S.W.2d at 101.

We hold that because of the failure of the defendant to meet his burden as to why he was entitled to relief, the Trial Court did not abuse its discretion in denying the Motion to Set Aside the Default Judgment.

Additionally, Horne raises several issues as to the propriety of damages awarded against him.

By suffering a default judgment, a defendant impliedly confesses all of the material allegations of facts contained in the complaint, except the amount of the plaintiff's unliquidated damages. *Patterson.*

The issues involving the alleged "double award" are addressed only superficially in Horne's argument section of his brief. Horne argues that the release of Wolfenbarger acknowledging full satisfaction entitled him to a reduction in any claim against him to the extent paid by Wolfenbarger. However, the release of Wolfenbarger does not state that the judgment had been satisfied. In fact, there is no evidence cited in the record indicating how much plaintiff received in the settlement with Wolfenbarger.

Courts routinely hold that failure to make an appropriate reference to the record and cite relevant authority to the argument section of their brief, as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994). Moreover, an issue is waived where it is simply raised without argument regarding the merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crocket v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).

Horne also relies on T.C.A. §29-11-105, which states, in pertinent part:

When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons . . . it does not discharge any of the other tort-feasors from liability . . . but it reduces the claim against the others to the extent of any amount stipulated by the release . . . .

However, this section also provides for procedural requirements, as well:

No evidence of a release or covenant not to sue received by another tort-feasor or payment therefor may be introduced by a defendant at the trial of an action by a

-4-

claimant for in jury or wrongful death, but may be introduced upon motion after judgment to reduce a judgment by the amount stipulated by the release. . . .

There is no indication that Horne filed a motion in the Trial Court for reduction in judgment after the Trial Judge entered a judgment for damages for plaintiff. The issue was not raised below, and we will not consider it on appeal.

For the foregoing reasons, we affirm the judgment of the Trial Court and assess the cost of the appeal to Sam Horne.

_____
HERSCHEL PICKENS FRANKS, J.