ROBINSON *et al.*, Respondents, v. LAWSON, Appellant.

1. Where an answer is stricken out for insufficiency, and the defendant prays the court to grant him time in which to file an amended answer, the court is not bound to grant delay as a matter of right; where the granting of time in which to answer would operate to delay justice or injure the plaintiff, the court may, in the exercise of a sound discretion, refuse to grant time unless the defendant, or his counsel if he be absent, will make known the character of the amendment he proposes to make.

2. Where a judgment by *nil dicit* is rendered, if the demand sued on is unliquidated, a writ of inquiry is necessary.

4. In cases arising under the practice act of 1849, the assessment of damages might have been made, under the writ of inquiry, at the same term at which the interlocutory judgment was rendered.

4. In the case of a judgment by *nil dicit* the traversable allegations of the petition are admitted.

*Appeal from Washington Circuit Court.*

*Noell*, for appellant.

I. The court erred in striking out defendant's answer. It set up a good defence. If the answer was insufficient, the court did not exercise properly its discretion when it refused time to answer. It was one of those cases in which the plaintiff would not have been entitled to judgment at the first term. No exceptions were taken to the answer until the last day of the term, though it had been filed for nearly a week. The defendant was not present to make the necessary affidavit for time or to the answer. Without doubt there was an unsound exercise of discretion.

II. The court had no right to render judgment for the amount of plaintiffs' claim without proof. The petition does not allege that the goods were of the value claimed, nor that they were contracted for at the prices specified in the account. It was not necessary for defendant to put in issue the value of the goods charged to have been sold, or to put in issue a contract price, inasmuch as no value or contract price was alleged.

*W. Carter*, for respondent.

I. It was not error to permit the motion to be taken up and argued the same day it was filed and when the case was called for trial. This suit was brought under the code of 1849.

II. It was discretionary with the court whether it would grant time to file an answer.

III. The court committed no error in rendering judgment at the return term of the writ. (Secs. 2, 3, of article 12 of Code of 1849 ; id. sec. 4, art. 15 ; Louden v. King, 22 Mo. 336 ; 15 Mo. 415.)

RICHARDSON, Judge, delivered the opinion of the court.

This suit was commenced April 6th, 1856, upon an open account for goods, wares and merchandise. The defendant

Robinson v. Lawson.

answered during the return term of the writ, and four days after the answer was filed, and on the last day of the term, the plaintiffs filed their motion to strike out the answer for the reason that it was vague, uncertain and not responsive to the petition. The motion was sustained, and the defendant's counsel then asked that the case should be continued and time given to answer further—the defendant being absent from court; but the court refused to give time or to continue the cause, and thereupon proceeded without proof to render final judgment for the amount claimed in the petition.

The answer was evasive and inferential and hardly amounted to the particularity of the general issue, and the motion to strike out was properly sustained.

Though the defendant was not personally present when the motion was sustained, it is to be presumed that his counsel, who drew the answer, knew the nature of his client's defence, and could state such facts as would appeal to the discretion of the court in deciding on the application for time to prepare and file a better answer. No doubt reasonable indulgence would have been granted if a statement had been made representing that the defendant had a real defence, but it is manifest in this case that the granting of time would have operated as a continuance of the cause, which the defendant was not entitled to as a matter of right. (Cashman v. Anderson, ante, p. 67.)

This action was for an unliquidated demand and a writ of inquiry was necessary to assess the damages. This could have been done immediately, and a jury was not necessary unless required by the parties; but it does not appear that the writ was ordered or executed. This case was begun under the practice act of 1849, and must be conducted under it. The second section of article 12 provides: "If the action be founded on a bond, bill or note for money, and there be no answer as hereinbefore required, the clerk may, under the direction of the court, enter judgment for the amount which shall appear to be due. In other cases, where there is no answer as aforesaid, the plaintiff may, if he require it, have a

jury to assess his damages.    If no jury be required, the court may assess his damages and render a judgment thereon."

After the answer was struck out, the case stood as upon a default which admits the traversable allegations in the petition, (24 Mo. 63,) and no more proof was required than is necessary in the assessment of damages on a default.

The judgment will be reversed and the cause remanded, the other judges concurring.