ELECTROLYTIC CHLORINE COMPANY, Appellant, v. WALLACE & TIER-
NAN COMPANY, ELECTRO BLEACHING GAS COMPANY, JOHN A.
STRANG and ROGER W. PRATT.—41 S. W. (2d) 1049.

Division One, September 5, 1931.

*E. C. Hamilton, C. W. Price, A. N. Gossett, James N. Beery* and *Wm. H. Allen* for appellant.

*David M. Proctor* and *V. E. Phillips* for respondents Wallace & Tiernan Co., John A. Strang and Roger W. Pratt.

STURGIS, C.—This is a suit for damages in tort by plaintiff, an alleged Oklahoma corporation, against two other corporations, one of New York and the other of New Jersey, all engaged in the same line of business, to-wit, manufacturing and selling appliances and apparatus for purifying water, principally for supplying cities and towns. The two individual defendants are employees of one or both corporate defendants and reside at Kansas City, Missouri. The first petition filed denominated the cause of action as slander of title, contains thirteen counts, the first twelve each asking damages in the sum of $375,000 actual, and $375,000 punitive damages, and the thirteenth asking for injunctive relief against the unlawful practices of the defendants. The plaintiff's business is described as manufacturing, selling and installing an apparatus, machine and process for the purification of water and sewage by means of a mixture of air, gases and vapor, known as the Williams Cell or Williams Process. The corporate defendants were working together in a similar line of business, their apparatus and process being under a patent known as the Ornstein patent, which was owned by the Electro Bleaching Gas Company, and was being sold and put in use by defendant Wallace & Tiernan Company. The plaintiff was a new company endeavoring to invade the field controlled by the defendant companies and was a prospective business rival. The gist of this action is that the defendants conspired and combined to destroy plaintiff's business and prevent same from growing, by unfair and dishonest means, principally in setting up and publishing to prospective purchasers and the trade in general the false claim that the apparatus and process used by plaintiff was an infringement on the patent of the defendant and that anyone using plaintiff's apparatus and process would subject himself to a suit and large damages for infringement of such patent. The basis of each process was the use of chlorine gas and this gave color to the claimed infringement. Plaintiff claims that its apparatus and process is in no way an infringement on defendant's patented apparatus and process and that defendants' claim was known by them to be false and

was not made in good faith, but solely to destroy plaintiff's business and deter prospective customers from buying and using its products, though a superior and cheaper process.

The two corporation defendants are not residents of this State, and claim, especially the Bleaching Company, that it was not doing business in this State except as interstate commerce and could not be lawfully sued or be served with process here. Defendants' first move, therefore, was to remove the case to the Federal court, limiting their appearance to that purpose only, claiming that the individual defendants were fraudulently joined as defendants for the sole purpose of preventing a removal to the Federal court. The Federal court overruled this contention and remanded the case to the Circuit Court of Jackson County at Independence, where it originated.

Thereafter such proceedings were had in that court on motions of various kinds and demurrers, joint and several, on behalf of the defendants other than the Bleaching Gas Company, some sustained but mostly overruled, that plaintiff filed in that court its fourth amended petition and then took and was granted a change of venue to Division No. 4 of the same circuit court, at Kansas City. Then began another series of motions and demurrers, general and specific, joint and several, by the three defendants mentioned, until one of them took a change of venue and the cause went to Division No. 6 of that circuit court, but not till after the court had entered judgment in Division No. 4 by default against the two individual defendants "for want of pleadings responsive to plaintiff's last amended petition." A motion to set aside this default was filed, transferred with the case to Division No. 6, and there finally overruled. Then the defendant Wallace & Tiernan Company filed its answer, coupled with a plea to the court's jurisdiction based on its doing business in this State solely as interstate commerce.

This brought the case to trial in Division No. 6 of the Circuit Court of Jackson County at Kansas City in May, 1928. The situation then was that judgment by default or *nil dicit* had been entered against the two individual defendants, Strang and Pratt. The defendant Bleaching Gas Company had not been served with any process and had never appeared in the case except to join in the unsuccessful application for removal to the Federal court, and no answer was on file except that of defendant Wallace & Tiernan Company. A jury was called to try the case on May 24, 1928, and after it was sworn and the trial commenced, the plaintiff on May 28, 1928, raised the point that the defendant Electro Bleaching Gas Company had entered its general appearance by joining in the application for removal to the Federal Court and was now in default for want of any pleading. The court thereupon entered a judgment by

default against that defendant and the trial proceeded without any apparent understanding as to what was being tried, except that the default judgment recited that "the damages prayed for in said fourth amended petition to be ascertained and determined upon the trial." The trial lasted a month, but ended by the jury bringing in a verdict finding "for the defendants," and judgment was entered accordingly "that plaintiff take nothing by its action herein."

The plaintiff has appealed the case to this court, but limits its appeal to matters of record proper only. There is no showing that any final bill of exceptions was filed. None of the evidence produced at the trial and none of the instructions to the jury, given or refused, are in this record. We have no means of knowing what was really tried or submitted to the jury. The appellant in its statement of the case says that the case is submitted here *on the face of the record proper*. As said in a similar case, Montz v. Moran, 263 Mo. 252, 256: "Defendant thereupon appealed, taking time till the next term of the court *nisi* to file his bill of exceptions, but neglecting so to do in time given to him, or at any other time, is here now solely upon a bare and most meager record proper." Notwithstanding this statement and the fact that nothing is shown as to filing a bill of exceptions by appellant, reference is made in the statement and argument to matters which can be preserved only by a bill of exceptions, such as the filing of a motion for new trial, its contents, and exceptions to its being overruled, any and all motions filed in the case, the granting or refusal of instructions, etc. The record proper, so far as this case is concerned, consists of the pleadings, petition, answer and reply, service of process, including any entry of appearance, and the judgments, interlocutory and final. The demurrers even are out of the case, because no one stood on a demurrer and no final judgment was entered thereon. A term bill of exceptions appears to have been filed by the individual defendants in order to preserve their motion to set aside the judgment by default against them and the court's action with reference thereto, and this is incorporated in a supplemental abstract filed by respondents, but such term bill was never incorporated in a final bill of exceptions, and respondents, who filed same, are not appealing or complaining of anything. These matters must, therefore, all be disregarded and our inquiry is confined to narrow limits. We must presume that the court proceeded and ruled according to law unless the contrary is shown by the record proper.

788

Only two propositions of law are advanced and argued here by appellant. First, it insists that the interlocutory judgments by default or rather *nil dicit* were properly entered and are valid.

As to the defendant Electro Bleaching Gas Company, we cannot agree to this. The record shows, and it stands conceded, that such defendant is a non-resident, that no service of process was had on it, and that it in no way entered its appearance in this case or submitted itself to the jurisdiction of the court for the trial of this action except and unless it did so by joining in the application to remove the case to the Federal court. That such is the effect of such action was held by this court in State ex rel. v. Sale, 232 Mo. 166, on which appellant relies. Since that ruling by this court, the Supreme Court of the United States in Michigan Central Railroad Co. v. Mix, 278 U. S. 492, a case originating in this State, has held otherwise and virtually over-ruled that decision. In the Mix case, as here, the plaintiff sued a non-resident corporation, which claimed that it was not doing business in this State except as interstate commerce, and it unsuccessfully applied to remove the case to the Federal court. The State court then proceeded to try the case, claiming that thereby the defendant entered its general appearance and submitted itself to the jurisdiction of the State court. On reaching the Supreme Court of the United States by certiorari to this court, that court said: "The Railroad, appearing specially, filed a petition for removal of the cause to the Federal court. This the State court denied. . . . The Railroad, again appearing specially, pressed in the State court the motion to quash. It was denied on the authority of State ex rel. v. Sale, 232 Mo. 166, and Davis v. Jacksonville Southeastern Line, 126 Mo. 69, which hold that service upon a soliciting freight agent confers jurisdiction and that a petition to remove to the Federal court is equivalent to a general appearance." Responding to this contention, the United States Supreme Court said: "The contention that filing the petition for removal to the Federal court was equivalent to the entry of a general appearance is obviously unsound. [General Investment Co. v. Lake Shore Ry. Co., 260 U. S. 261, 268; Hassler v. Shaw, 271 U. S. 195.]" That court also ruled in the same case that an appearance in the State court for the sole purpose of moving to quash the summons could not be held to be a general appearance, and said: "No local rule of practice can prevent the carrier from laying the appropriate foundation for the enforcement of its constitutional right by making a seasonable motion." [Citing cases.]

The above ruling is based on the United States Constitution and, same being a Federal question, is binding on the State courts. It

follows, therefore, that the Circuit Court of Jackson County never acquired jurisdiction over the defendant Electro Bleaching Gas Company and its judgment against said defendant, whether by default or otherwise, is a nullity.

Appellant's second proposition is that the fact of there being existing default judgments against the three other defendants at the time of the trial on the answer of defendant Wallace & Tiernan Company, rendered the verdict in favor of such defaulting defendants a nullity, and the judgment thereon a nullity, and therefore the trial court should have set same aside and granted appellant (plaintiff) a new trial. Appellant then says that this is such a fundamental principle of law that it needs no citation of authorities, and none are given. We do not find the matter so easy of solution as thus indicated, especially on the record brought here. It is not easy, or free of doubt, to convict the trial court of error in not granting plaintiff a new trial when none was asked for; and there can be no motion for new trial or court's ruling thereon for review here unless preserved by a bill of exceptions. Appellant forgets that it asks for a review here solely on the record proper, which does not include either motions or exceptions.

Another view of the matter is that plaintiff comes here on a record, admitting that it has had a fair trial, without error, in a court of competent jurisdiction, as against the defendant Wallace & Tiernan Company, and yet its whole object is to obtain a new trial against that defendant. It clings to its judgment by default against the two individual defendants as being valid, binding and final as to their liability at least and therefore wants no new trial as to them except on the question of damages, but asks a new plenary trial against the defendant Wallace & Tiernan Company, as to whom the trial was had. This suggests that plaintiff's real grievance, if any, is that it did not obtain the full measure of relief to which it is entitled as against the individual defaulting defendants but must remain satisfied with what it got as to defendant Wallace & Tiernan Company. It is well to remember in this connection that we have long since departed from the old rule that a judgment is such an indivisible entity that if erroneous as to one defendant, it is a nullity. [Neenan v. City of St. Joseph, 126 Mo. 89, 94; State ex rel. v. Tate, 109 Mo. 265, 270; McElroy v. Ford, 81 Mo. App. 500.]

Granting that plaintiff rightfully took judgment by default against the two personal defendants, a question which we cannot inquire into or determine on the present record, absent any bill of exceptions, we agree with appellant as to the force and effect of such default judgment. It is provided by our statute, Section 1073, Revised Statutes 1929, that if a defendant fail to answer or plead within the time prescribed by law or the rules of court, an inter-

locutory judgment shall be given against him by default. And Section 1077, Revised Statutes 1929, provides: "When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but only one final judgment shall be given in the action." Then Section 1078, Revised Statutes 1929, provides that when the suit is founded on a written instrument or a judgment fixing the amount of the indebtedness, the court shall render final judgment thereon. Section 1079, Revised Statutes 1929, provides: "In all cases of interlocutory judgments not provided for in the preceding sections, the plaintiff may, if he demands .it, have a jury to assess his damages. If no jury be demanded, the court shall assess the damages, or give the other relief asked in the petition, and final judgment shall be given thereon."

We can agree with appellant that the default judgment against the personal defendants had the effect as to them of admitting the truth of the allegations of the petition constituting plaintiff's cause of action, and such defendants' liability stood admitted, or rather not controverted by them. [Brown Const. Co. v. MacArthur Bros. Co., 236 Mo. 41, 48; Dierks & Sons Lumber Co. v. Taylor, 296 S. W. 176, 180.] Such defendants, however, still had the right to be heard and participate in the trial on the question of damages and could minimize the damages or defeat the action by showing that no damages were caused to plaintiff by the matters alleged. This includes the right of trial by jury on the question of damages. [Robinson v. Lawson, 26 Mo. 69, 71.]

When, therefore, this case was called for trial on May 24, 1928, in the Jackson County Circuit Court, the plaintiff was called on to prove its entire case, both as to liability and damages, against the answering defendant, Wallace & Tiernan Company, and to prove its damages, if any, against the defaulting individual defendants, Strang and Pratt. The defendant Wallace & Tiernan Company was called on to defend the whole case and to disprove both liability and damages. The individual defendants, Strang and Pratt, had a right to participate in the trial on the question of damages and have that question tried by jury. All these defendants were represented by the same attorneys. When the default judgments were entered, it was specified therein that "the damages to be ascertained and determined by and upon trial when the same may be had against defendants Strang and Pratt and the *other defendants* upon request of plaintiff, and at the convenience of the court." This clearly contemplated, and it was proper, that the question of damages as to the defaulting defendants would be tried and de-

termined at the trial of the case against the answering defendant and as a part thereof.

When we consider the nature of this action, being one in tort for damages against several defendants, it becomes apparent that such was the necessary method of trial and procedure. Not only does the particular statute require in such situation that there shall be only one judgment (Sec. 1077, R. S. 1929), but the general law requires that there shall be only one final judgment in a case, which must dispose 'of the entire case as to all parties. [State ex rel. v. Blakemore, 275 Mo. 695; Legg Shoe Co. v. Brown Leather Co., 249 S. W. 147; Connelly v. Illinois Central R. Co., 169 Mo. App. 272; In Matter of Fowler, 310 Mo. 339.] This is especially true in actions for damages sounding in tort against several defendants, and in such cases all who are guilty of participating in the wrongdoing are jointly and severally liable for the whole damage, and the judgment must be in one amount and against all who are not discharged. [8 R. C. L. 667; 17 C. J. 1084; Neff v. City of Cameron, 213 Mo. 350, 360; Fulwider v. Trenton Gas, Light & Power Co., 216 Mo. 582, 591.] And in such a case where a new or further trial is found necessary as to one defendant, and the case has been correctly tried as to another, the verdict as to liability of the latter will stand in abeyance till the question of damages is settled as to all, and then one final judgment entered. [Neal v. Curtis & Co. Mfg. Co., 328 Mo. 389.]

The record here indicates that the trial was had in the manner and in conformity to the rules we have stated. The record indicates that when the case came on to be heard the plaintiff appeared by its attorneys and the *defendants* appeared by their attorneys and a jury was empaneled to try the issues joined therein. No pleading was necessary to enable the defaulting defendants to participate in the trial as to the measure of damages. The verdict indicates that the issue as to damages by any and all the defendants was tried, as the verdict finds ''for defendants.'' No objection was made to this verdict or steps taken to correct it if irregular or erroneous. [Kansas City Masonic Temple Co. v. Young, 179 Mo. App. 1. c. 279; Dixon v. Atkinson, 86 Mo. App. 1. c. 30.] Presumably, proper instructions, both as to liability of the defendant Wallace & Tiernan Company and as to damages against each and all the defendants, were given. Nothing is preserved here as to the evidence introduced or instructions given or refused. Certainly there is nothing in the record proper indicating that plaintiff was refused a trial as to the damages against the defaulting defendants as well as the answering defendant. On the record proper, which is all that is here, the proceeding appears to be regular and the judgment disposes of the entire case as to all the defendants.

There is much authority for holding that even if there was no trial as to damages against the defaulting defendants, yet when there was a full and correct trial of all the issues, including the question of damages, as against the answering defendant, and such answering defendant was fully exonerated on the merits of plaintiff's case both as to liability and damages, then no other judgment was possible or could be allowed to stand than one discharging the defaulting defendants. Here the personal defendants were merely charged with aiding and assisting the corporate defendants as their employees in injuring or destroying plaintiff's business by slandering plaintiff's title to its apparatus and process of purifying water, and by threatening its customers with damage suits for infringement of a patent owned and controlled by the corporate defendants. The jury's finding for the corporate defendant is, therefore, equivalent to holding that plaintiff had no such cause of action.

In 34 Corpus Juris, page 152, this is said: "Where one defendant suffers a default, while the other pleads and goes to trial and defends successfully on a ground not personal to himself, his success will inure to the benefit of the defaulting defendant, and judgment must be rendered for both; and in such a case it is erroneous to render a judgment for defendants who have successfully defended the action and against those who have defaulted."

Also in 17 Corpus Juris, page 1046, the law on this question is stated thus: "Where the action is against several jointly, some of whom only plead, the assessment (of damages) should also be made against the defaulting parties by the court or jury who tried the issue. But the default of one defendant should be entered before the rendition of judgment against the non-defaulting defendant, and then on the trial the judgment, if any, should be entered against both defendants in the first place. And if the parties answering absolve themselves from all liability, damages cannot be assessed against a joint defendant who has defaulted."

In the case of Adderton v. Collier, 32 Mo. 507, the action was against four defendants, George and Susan Collier and Mary and Sarah Collier. George and Susan Collier defaulted, but Mary and Sarah successfully defended the action. Judgment was rendered against the defaulting defendants for damages. On appeal this court said: "The defense made by Mary and Sarah Collier, which resulted in the verdict and judgment for them, was not based upon any ground personal to themselves, but was equally available to the other defendants, and was such as showed that the plaintiff had no cause of action. And it is a settled law in such cases that after verdict and judgment for the defendant who pleads, the plaintiff cannot take judgment against the defendants in default, for the

reason that upon the whole record it appears the plaintiff has no right of action.''

The recent case of Arrington v. McCluer, 326 Mo. 1011, 34 S. W. (2d) 67, decided by Division Two of this court, lends support to this doctrine.

It follows, therefore, that the judgment should be and is affirmed. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.