LINDSEY, Appellant v. DRS. KEENAN, ANDREWS & ALLRED et al., Respondents.

No. 8626

Submitted December 14, 1945. Decided February 5, 1946.

165 Pac. (2d) 804

314

Mr. George Niewoehner, of White Sulphur Springs, for appellant.

Messrs. Swanberg & Swanberg, of Great Falls, for respondents.

MR. JUSTICE CHEADLE delivered the opinion of the court.

Action for malicious prosecution. All defendants were served with summons, and their defaults duly entered for failure to appear within the statutory period.

Apparently the matter was called for hearing before a jury on the question of damages. The following judgment was made and entered:

"The above entitled cause came on regularly for trial before the above entitled court, sitting with a jury, on the 21st day of March, 1945, Mr. George Niewoehner and Mr. Horace S. Davis appearing as attorneys for the plaintiff, and Messrs. Swanberg & Swanberg appearing as attorneys for the defendants, and the jury of twelve persons having been duly selected and sworn to try said case, and at the commencement of the trial and after an opening statement had been made by counsel for the plaintiff and upon the plaintiff being duly and regularly sworn as a witness in said cause, and a question having been propounded to him, the defendants objected to the introduction of any evidence in support of the allegations of the complaint upon the ground and for the reason that said complaint did not contain facts sufficient to constitute a cause of action, and thereupon arguments were heard on behalf of both parties and the court having considered the same, said motion was thereupon granted and the complaint was order [ed] dismissed;

"Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed that said complaint does not contain facts sufficient to constitute a cause of action against defendants and said complaint is hereby dismissed and judgment is hereby entered in favor of the defendants and against the plaintiff, together with

defendants' costs and disbursements amounting to the sum of
.............................dollars.''

Since the trial court's ruling on the motion above referred
to and its judgment is based upon the failure of the complaint
to state a cause of action, the allegations of the complaint will
be fully considered.

It is first alleged that prior to January, 1936, the defendants
Keenan, Andrews and Allred rendered medical services to plain-
tiff, at a charge of $143, later reduced to $141. That at some
later date that firm ''employed one F. J. Buscher, of said city
of Great Falls, as their agent to collect said debt from plaintiff,
and said Buscher did thereupon enter into negotiations with
plaintiff for the collection of said debt; that said negotiations
culminated in an agreement between said Buscher and plaintiff
whereby plaintiff was to perform certain services as payment
and discharge of said debt, to-wit: plaintiff was to help Buscher
in the business of collecting debts and accounts, and, further-
more, plaintiff was to work at the task of drilling an oil well;
that thereupon plaintiff accordingly worked about six (6) weeks
at the task of drilling an oil well and plaintiff also performed
services collecting bills and accounts under the said Buscher's
direction; that upon completing the aforementioned work and
services, plaintiff was informed by said Buscher that said debt
owing to defendants Keenan, Andrews and Allred was paid and
discharged thereby, and in addition to the payment and dis-
charge of said debt the plaintiff received the sum of Thirty-five
Dollars ($35.00) in cash from said Buscher as further recom-
pense for the above alleged work and services.''

It is then alleged that the defendants knew, or by exercise of
reasonable care, inquiry and diligence should have known that
the debt previously owing had been paid and discharged, but
nevertheless, and in spite of the payment and discharge of the
debt the defendants willfully, maliciously and negligently at-
tempted to collect the former debt, for such purpose instituting
an action against plaintiff in the Cascade County District Court;
that in said action the plaintiffs therein (defendants here)

caused a writ of attachment to issue, under which the sheriff of Lewis and Clark County levied against and took possession of certain described personal property belonging to plaintiff. Damages are alleged to have resulted from the seizure and retention of such property for a period of sixteen days, the details of which are not material. With reference to malice and want of probable cause, the complaint alleges: ''That the action against this plaintiff by these defendants, said Cause No. 30002, and the consequent attachment were instituted and carried on without probable cause therefor and with the malice aforesaid; that said defendants discontinued and terminated the attachment and thereafter abandoned and terminated their said action in favor of this plaintiff.''

Appellant specifies the following errors:

''1. The District Court erred by sustaining the objection by defendants to the introduction by plaintiff of evidence in that said court thus found and concluded that the complaint fails to state facts sufficient to constitute a cause of action against the defendants, or any of them, and the district court erred in dismissing the complaint and rendering judgment against the plaintiff and for the defendants.

''2. The district court erred by permitting the defendants to take part in the hearing of plaintiff's proof of damages, and said court erred by permitting defendants to contest plaintiff's cause of action on the merits at said hearing, all of which was done after defendants were fully and finally in default.''

The questions for determination are, (1) whether the complaint states a cause of action upon which a judgment for damages might be based, and (2) if it does not, was the district court empowered to permit and sustain a motion for dismissal and to enter judgment of dismissal.

Appellant insists that the complaint meets the requirement of section 9129, Revised Codes, of a statement of facts constituting the cause of action, in ordinary and concise language; that facts are sufficiently alleged to enable the defendants to understand and determine the nature of the claim brought

against them. Respondents contend that the complaint on its face affirmatively shows that no cause of action is pleaded. In support of this contention they urge that it affirmatively shows that plaintiff was indebted to defendants when the action was commenced, conclusively negativing want of probable cause, one of the essential elements in an action for malicious prosecution.

From that portion of the complaint quoted above it appears that at some time prior to the filing of Cause No. 30002, the plaintiff here was indebted to Drs. Keenan, Andrews and Allred in the sum of $141, and employed one F. J. Buscher as their agent to collect such indebtedness from plaintiff; that Buscher employed plaintiff to perform certain services for him as payment and discharge of the debt; that after plaintiff had worked for Buscher for about six weeks, he was informed by Buscher that said indebtedness was paid and discharged thereby; that in addition to the payment and discharge of said debt plaintiff received the sum of $35 in cash from Buscher as further recompense for such services. Nowhere in the complaint is it alleged that Buscher had special authority to collect or to accept payment of said indebtedness in anything except money, or the existence of any such commercial usage or custom, or that the creditors ratified the action of their agent in accepting any other medium of payment than money. From the allegations of the complaint it appears conclusively that payment was made by plaintiff, not in money, but by the performance of services for Buscher, in return for which Buscher presumably assumed the obligation of plaintiff to the firm of doctors. Such did not constitute payment of the indebtedness and was not binding on the creditors.

The general rule as to medium of payment in such cases is thus stated in 2 Am. Jur., sec. 165, p. 133: "The general rule is that in the absence of express authority or custom to the contrary, the power of an agent authorized to collect or receive payment is limited to receiving that which the law declares to be legal tender, or which is by common consent considered and treated as money, and passes as such at par. This is in accord-

ance with the general principle that authority to receive payment implies only an authority to receive the thing due on an obligation, and not an authority to commute for any other thing." (Citing cases.) See also 2 C. J., p. 611; 2 C. J. S., Agency, sec. 107, p. 1282; United States National Bank v. Shupak, 54 Mont. 542, 172 Pac. 324; First State Bank of Hilger v. Lang, 55 Mont. 146, 174 Pac. 597, 9 A. L. R. 1139; Olsen v. Zappone, 83 Mont. 573, 273 Pac. 635; Restatement of the Law of Agency, sec. 72, Annotation 1; Shriver v. Sims, 127 Neb. 374, 255 N. W. 60, 94 A. L. R. 779, 785; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 116 N. W. 529, 17 L. R. A., N. S. 606.

It is also the general rule that an agent for collection has no authority to discharge the debtor by assuming the debt in settlement of his indebtedness to the latter. "In the absence of some general usage or custom or express authority the agent cannot discharge the debtor by accepting as payment an agreement that an indebtedness owing from the agent to the debtor shall be set off against the indebtedness owing to the principal by the debtor." 2 C. J., p. 631 and cases cited; 2 C. J. S., Agency, sec. 107. In 2 Am. Jur., sec. 167, p. 134, it is stated: "The agent is not authorized from the mere authority to collect or receive payment to assume the debt from the third person to the principal, and such assumption, unless ratified, does not constitute payment. Thus, if, instead of paying money, the debtor writes off a debt due to him from the agent, such a transaction is not payment as against the principal, who is not a party to the agreement, though it may have been agreed to by the agent."

Under the circumstances of this case we think that the question of whether or not there was want of probable cause on the part of the defendants in prosecuting Cause No. 30002 and the attachment proceedings therein must be determined as a matter of law from the facts alleged in the complaint herein and admitted by the default. Such facts are uncontroverted. Wendel v. Metropolitan Life Ins. Co., 83 Mont. 252, 272 Pac. 245; Pacific Nat. Co. v. Southwest Finance Co., 4 Cal. App. (2d) 326, 40 Pac. (2d) 862. Since it is apparent from the allega-

tions of the complaint that the indebtedness from plaintiff to defendants remained unpaid at the commencement of this action, we conclude that there was no want of probable cause on the part of the defendants in prosecuting Cause No. 3002. And, since want of probable cause is an indispensable element of an action for malicious prosecution (Wendel v. Metropolitan Life Ins. Co., supra; Gornner v. Hamilton, 62 Mont. 239, 204 Pac. 489), we must and do hold that the complaint herein does not state facts sufficient to constitute a cause of action.

We recognize the rule as to leniency in the construction of pleadings on default, and the indulgence of every reasonable inference to support a cause of action. In Crawford v. Pierse, 56 Mont. 371, 185 Pac. 315, 318, it is said: "When the sufficiency of a complaint is challenged for the first time on appeal, the objection that it does not state a cause of action is regarded with disfavor, and every reasonable inference will be drawn from the facts stated necessary to uphold it. Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 152 Pac. 481, L. R. A. 1916D, 836. Matters of form will be disregarded, as well as allegations that are irrelevant and redundant. If upon any view the plaintiff is entitled to relief the pleading will be held sufficient. Raymond v. Blancgrass, 36 Mont. 449, 93 Pac. 648, 15 L. R. A., N. S., 976. A corollary of this rule is that a judgment rendered upon default will not be held void even though the statement of the cause of action may be so defectively made that it would have been open to general demurrer, provided its direct averments necessarily imply, or reasonably require, an inference of the facts necessary to supply the defect. County of Silver Bow v. Davies, 40 Mont. 418, 107 Pac. 81; Phillips on Code Pleading, sec. 352."

The Ellinghouse case, supra, cited in the opinion in Crawford v. Pierse, involved, not a default judgment, but a nonsuit, wherein the question of the sufficiency of the complaint was raised initially on the appeal. In County of Silver Bow v. Davies, supra [40 Mont. 418, 107 Pac. 83], this court thus stated the rule: "Under the Code, it is the rule that the allegations

of a pleading are to be liberally construed, with a view to substantial justice between the parties. (Rev. Codes, sec. 6566, now sec. 9164). 'Under favor of this rule, whatever is necessarily implied in, or is reasonably to be inferred from, an allegation is to be taken as directly averred.' (Citing authorities.) '' Many cases uphold the rule. But under it, we think, the direct allegations must necessarily imply, or reasonably require, an inference of the facts necessary to supply the defect. In order to support a judgment the complaint must be good in substance, even though formal defects be disregarded. The objection to the complaint here is not that it omits material averments which might be supplied by implication or inference, but that it contains allegations of fact which affirmatively demonstrate that plaintiff is not entitled to the relief sought, or other relief. The defect in this complaint is not such as may be cured by supplying additional facts by inference from those alleged. The relief demanded is inconsistent with the facts pleaded and admitted. We cannot read into the complaint the inference that the agent, Buscher, had authority from his principals to collect the debt other than by the payment of money, or an implication of ratification of his acts in accepting services in payment.

In view of this holding, was the trial court within its authority in entertaining and sustaining defendants' objection to introduction of evidence on the ground that the complaint does not state a cause of action, and in ordering the complaint dismissed? In this connection it is plaintiff's contention, as shown by the second specification of error, that by such ruling and action the court permitted defendants to contest the action on the merits.

In an action for unliquidated damages the default of the defendant admits the material and traversable allegations of the complaint, but does not admit the amount of damages. This court said in Smotherman v. Christianson, 59 Mont. 202, 195 Pac. 1106, 1107: ''In an action to recover unliquidated damages, the default of the defendant admits the cause of action and the material and traversable allegations of the complaint, but does not admit the amount of damages. 23 Cyc. 761; 1

Black on Judgments, sec. 91. The damages sought herein are unliquidated, and it follows that, before plaintiff could rightfully demand judgment, he was required to apply to the court, make proof of his damages, and secure a determination of the amount either by the court or by the verdict of a jury, and, until he did so, there was not a submission which was the equivalent of a verdict." And it is generally held that at any hearing for the determination of damages the defendant has the right to appear and be heard on that question, and to cross-examine and offer proof in mitigation of damages. The rule is thus stated in 31 Am. Jur., sec. 521, p. 134: "The general rule is that in an inquiry of damages upon a default, all of the plaintiff's material allegations are to be taken as true, and the determination of the amount of the damages to be awarded is all that remains to be done. In the trial of the question of damages, the defaulting defendant has the right to be heard and participate. He may cross-examine witnesses, and may offer proof in mitigation of damages, or as to an adjustment or payment of the amount claimed. The defendant may in effect even defeat the action by showing that no damages were caused to the plaintiff by the matters alleged, but there is authority for the rule that the greatest effect that could be given to the evidence of the defendant would be to reduce the inquest to nominal damages, and not to defeat the action."

And we think that a default judgment for damages must be justified by the pleadings; that a complaint must state a cause of action before a default judgment thereon is justified. As is said in 31 Am. Jur., sec. 515, p. 130: "Although, after the entry of a judgment by default, formal defects in the mode of pleading are not regarded as material, it is a general rule that a judgment by default must be justified by the pleadings. Such a judgment may not be rendered where the pleadings omit averments essential to the showing of a cause of action * * *." And in 34 C. J., sec. 386, p. 174: "But the default does not admit that the facts alleged are in law sufficient to constitute a good cause of action or to entitle plaintiff to the relief prayed; if

the facts alleged do not constitute a cause of action or give a right to recover, only a judgment of dismissal, and not a judgment by default, can be entered." (See cases cited.)

In Crawford v. Pierse, supra, this court said: "The court cannot redress a particular wrong unless the facts constituting the wrong are made manifest to it in a written complaint, as provided by the statute. It is only by this means that its general power can be brought into activity in a given case. If the pleading is not sufficient to put the defendant in the wrong, the court cannot grant redress. A judgment based upon such a pleading is invalid. The pleading is in effect no more than a piece of blank paper. And, since when a judgment has been rendered on default, the complaint, with the memorandum indorsed upon it that default has been entered, the summons with the proof of service, and a copy of the judgment constitute the record (Rev. Codes, sec. 6719), the record itself discloses the infirmity of the judgment. It is thus exposed to collateral attack at any time when it is sought to be made the basis of a right." See also State ex rel. Delmoe v. District Court, 100 Mont. 131, 46 Pac. (2d) 39; Kosonen v. Waara, 87 Mont. 24, 285 Pac. 668.

Since on no possible theory does the complaint state a cause ▇ of action against the defendants, the plaintiff failed to establish his right to damages in any amount. It follows that the trial court correctly sustained the objection to the introduction of evidence on that question. To what, if any, relief the plaintiff may have been entitled following the ruling on that motion, we are not called upon to determine. No motion or other application for relief having been made, the action of the trial court in dismissing the complaint was proper.

Courts generally favor the disposition of litigation on the ▇ merits, rather than by default judgments. "We enter upon the consideration of the questions thus presented bearing in mind that * * * judgments by default are not favored, as it is the policy of the law to have cases tried on their merits in order that justice may be done between the parties * * *." Kosomen v. Waara, supra [87 Mont. 24, 285 Pac. 670]; Madson

v. Petrie Tractor & Equip. Co., 106 Mont. 382, 77 Pac. (2d) 1038; Reynolds v. Gladys Belle Oil Co., 75 Mont. 332, 243 Pac. 576. No reason is readily apparent why, on issues properly joined, the controversy here involved may not yet be so disposed of.

The judgment is affirmed.

Mr. Chief Justice Johnson and Associate Justice Adair concur.

Mr. Justice Angstman (dissenting).

I am not able to agree with the foregoing opinion. That opinion permits those who are in default to gain advantages that would be denied to one who filed an appearance.

It rewards those in default by permitting them to procure a dismissal and a judgment in their favor for costs, whereas had they appeared in the action plaintiff would at least have been permitted to file an amended complaint if the court had concluded that the complaint was insufficient.

I think too that my associates are in error in holding that the District Court was correct in finding that the complaint did not state facts sufficient to constitute a cause of action. I agree with the principles of law stated in the majority opinion that an agent employed to make a collection is ordinarily limited to receiving that which the law treats as money. It may be that defendant might have taken advantage of that point had they appeared in the action at the proper time.

Having defaulted, the complaint must be tested by the rule stated in Crawford v. Pierse, 56 Mont. 371, 185 Pac. 315, 318, where this court said: "A judgment rendered upon default will not be held void even though the statement of the cause of action may be so defectively made that it would have been open to general demurrer, provided its direct averments necessarily imply, or reasonably require, an inference of the facts necessary to supply the defect."

The rule is stated in 34 C. J. 154 as follows: "Although the complaint is so defective that it would be open to general demurrer, the judgment is not void, if the complaint contains allegations of facts sufficient to support the judgment; or suf-

ficient to apprise defendant of the nature of plaintiff's demand; and that if it is good in substance it is sufficient to uphold the judgment, although there may be formal defects.''

Tested by these rules, what do we find in the complaint. It first alleges that defendants Keenan, Andrews and Allred employed Buscher as their agent to collect the debt from plaintiff, amounting to $141; that Buscher made an agreement with plaintiff whereby plaintiff was to work out the indebtedness, not by working for the defendants named but by working for Buscher. The complaint then alleged that the defendants ''knew or by exercise of reasonable care, inquiry and diligence should have known that the debt previously owing to Keenan, Andrews and Allred had been fully paid and discharged; that despite the fact that the debt had been fully paid and discharged the defendants Keenan, Andrews and Allred did employ defendant Credit Service Company, Inc. to assist said doctors in an attempt to wilfully, maliciously and negligently collect the former debt.'' It further alleged ''that in truth and in fact plaintiff then owed defendants Keenan, Andrews, Allred and Credit Service Company, Inc. nothing whatsoever and the attempt by said defendants to collect said amounts was by the said defendants sought to be accomplished by menace, force and duress, and said attempt was made although all of said defendants knew, or by exercise of reasonable care, inquiry and diligence should have known, that said claims and alleged debts were without any foundation in fact whatsoever.''

All of these allegations were in legal effect admitted by the default. These allegations necessarily imply the inference that Buscher had authority to negotiate a settlement of the debt in the manner in which he did within the rule stated in Crawford v. Pierse, supra, absent any denial by defendants, or they imply a ratification of his acts in so doing.

Furthermore, I do not agree that the effect of the arrangement was to unlawfully substitute the agent as the debtor. Had the agent collected cash from plaintiff the effect would have been that Buscher would then have become the debtor. I can

see no reasonable ground for condemning the alleged method of payment whereas if cash had been collected by Buscher, the debtor, plaintiff here would have been discharged from the debt.

As I see it the doctors would have been in no different position if Buscher had paid plaintiff for his wages and had plaintiff then passed the money back to Buscher. The result would have been exactly the same in either case. And in either case Buscher becomes the debtor of the doctors rather than plaintiff and this, I believe, the law permits.

I agree with the last paragraph in the majority opinion to the effect that courts as a matter of policy favor the trial of cases on their merits rather than by default judgments, and if we had before us a motion to set aside the default there would then be room for the introduction and application of that policy.

The fact that courts favor the trial of cases on their merits is no reason for failure to give full effect to a default and furnishes no reason for condemning a complaint which is in fact sufficient.

I think the judgment should be reversed and the cause remanded with directions to hear the proof on damages.

Mr. Justice Morris.

I concur in the foregoing dissenting opinion of Mr. Justice Angstman.

Rehearing denied February 5, 1946.