# WILEMAN et ux. v. MAYOR AND ALDERMEN OF TOWN OF TULLAHOMA.—195 S. W. (2d) 325.

Middle Section. February 23, 1946.

Petition for Certiorari denied by Supreme Court, May 4, 1946.

Robert L. Keele, of Manchester, for plaintiff's in error.

Roy L. Mitchell, of Tullahoma, and Joseph Higgins, of Fayetteville, for defendant in error.

HICKERSON, J. W. W. Wileman and wife brought this suit against Town of Tullahoma to recover damages for injuries to realty which resulted when defendant raised the level of a street.

Defendant failed to plead, so a default judgment was entered against it; and the case was submitted to a jury, in an ex parte proceeding, to assess the damage. Judgment was entered on a verdict of $3,250.

Defendant filed a motion to set aside the default judgment, which was overruled.

It, also, filed a motion for new trial on the following grounds:

"1. Because there is no material evidence to support said verdict.

"2. Because the verdict is contrary to the greater weight of the evidence.

"3. Because the amount awarded for damages is excessive.

"4. Because the amount of damages awarded is grossly excessive.

"5. Because the amount of damages awarded is highly prejudicial to the defendant.

"6. Because the defendant was not afforded any time or opportunity to present countervailing testimony re-

specting the amount of damages to which plaintiffs are entitled."

Plaintiffs move to strike the motion for new trial on the ground that: "The same is not a proper motion in connection with the application by defendant to set aside a default judgment heretofore entered in this case."

The court overruled the motion of plaintiffs to strike defendant's motion for new trial, and granted defendant a new trial. The following reasons were given by the court for so doing:

"I have reached the conclusion that the motion for a new trial will have to be sustained and a new trial granted, but the judgment by default will not be set aside.

"I am constrained to do this for three reasons, first, the defendant is trustee for the city and the recovery is against the city and not against him individually; second, there having been a valid agreement between the city and the plaintiff to arbitrate their differences, I can see why service of the writ on the Mayor might not have the same force and effect as it would had there been no arbitration agreement, and third and last, no hardship can be worked upon the plaintiff, because he will be entitled to recover some judgment and it must bear interest from the time of the diminution in value of his property. It bears interest at six percent and the court knows that good loans to a city at such rates are hard to make now, and lastly the plaintiff will not be injured or have any hardship because all the cost up to the present time is now adjudged against the defendant, though execution need not issue till after the trial."

The judgment of the court provided: "But the court does sustain the motion of the defendant for a new trial solely upon the question of damages. To that extent the

judgment heretofore rendered upon the verdict of the jury and the verdict are set aside, with the direction that the case be redocketed and placed on the jury docket for trial in due course.''

Upon the second trial, the jury returned a verdict of $1,500. The court allowed interest in the sum of $250.95, and entered a judgment of $1,750.95. Plaintiffs appealed in error to this court.

The assignment of error presents two questions for review: (1) the refusal of the trial court to sustain plaintiffs motion to strike defendant's motion for new trial; and (2) granting defendant a new trial.

█ Plaintiffs cited Wright v. Lindsay, 24 Tenn. App. 77, 140 S. W. (2d) 793, in support of their contention that defendant's only remedy was a motion to set aside the default judgment. There can be no question that the proper method of setting aside a default judgment is by a motion so to do.

██ The entering of a default judgment does not mean that plaintiff has an unqualified right to have a jury assess the damage in an ex parte proceeding. A default judgment only admits that plaintiff has stated a cause of action in the pleadings. Thereafter, evidence which questions the right of action is inadmissible. Defendant may introduce evidence, however, on the question of damages, although a default judgment has been entered against it on the question of liability. Boyd v. Merchants Delivery Company and Clarkson, 7 Tenn. App. 416.

██ No appeal was taken from the order refusing to set aside the default judgment, so that order stands. The motion for new trial went only to the judgment of the court based upon the verdict of the jury on the question of damages. The motion for new trial was the proper

procedural step to question the verdict and judgment as to damages.

■ Plaintiffs insist that the judgment granting defendant a new trial should be reversed by this court, and the former judgment of $3,250 should be reinstated. Such relief can be granted by this court in proper cases. Code, Sections 8985 and 8986; Chesapeake, Ohio & Southwestern Railroad Company v. Higgins, 85 Tenn. 620, 4 S. W. 47; Merriman v. Coca Cola Bottling Company, 17 Tenn. App. 433, 68 S. W. (2d) 149.

The determinative question here is whether this court should reverse the judgment of the trial court granting defendant a new trial.

Plaintiffs contend that the trial judge granted the new trial on grounds not specified in the motion. The court stated that: "I have reached the conclusion that the motion for new trial will have to be sustained and a new trial granted." The court gave reasons for sustaining the motion which did not deal directly with the grounds of the motion. As we understand the order granting the new trial and the memorandum of the trial judge, one or all of the grounds of the motion were sustained for the reasons stated.

■ The second ground of the motion raised a question of fact: that the evidence preponderated against the verdict and judgment. The trial judge is the thirteenth juror. He must be satisfied with the verdict. One way of manifesting his dissatisfaction is to grant a new trial. Such action means the thirteen jurors could not agree. One of them, the judge, would not approve the verdict. If there is any material evidence to sustain the granting of a new trial upon grounds, stated in the motion, which raise questions of fact, this court must affirm the action of the trial court in granting the motion. To hold other-

-wise would mean that this court must weigh the evidence. No such power is vested in us. Baugh v. Nashville, C. & St. L. Railroad, 98 Tenn. 119, 38 S. W. 433.

In reviewing the action of the trial court in granting a new trial it is the duty of this court to consider all grounds set forth in the motion for new trial; and, if any one of the grounds will justify the action of the court in granting a new trial, this court will affirm, although the trial judge based his decision on some other ground. Citizens' Rapid Transit Company v. Dozier, 110 Tenn. 98, 72 S. W. 963.

To determine whether any ground of the motion should have been sustained, the evidence must be preserved by a bill of exceptions. Code, Section 8985. The evidence on the first trial was not preserved for review in this court. We must, therefore, conclusively presume that the verdict and judgment on the first trial which related solely to the question of damages was "contrary to the greater weight of the evidence"; and that the court properly granted defendant a new trial.

Plaintiffs make no question about the verdict and judgment on the last trial. The assignments of error are overruled and the judgment of the circuit court is affirmed with interest and costs.

Felts and Howell, JJ., concur.