José C. Rivera, Plaintiff and Appellee, *v.* José Goytía Alicea et al., Defendants and Appellants.

No. 9900. Argued May 2, 1949.—Decided May 25, 1949.

*Emilio Buitrago Vergara* for appellants. *R. A. Arroyo Ríos* and *J. Calasanz Rivera* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the instant case the District Court of Humacao rendered judgment sustaining the complaint, declaring nonexistent the deed of sale executed by José Goytía Alicea and his wife Bienvenida Guadalupe, in favor of the codefendants Flor Goytía Alicea and his wife Petra Caraballo, and ordering the cancellation of the record of said deed in the registry of property and the execution by José Goytía Alicea of the corresponding document in favor of José Calasanz Rivera, conveying to the latter one-half of the property of 10.36 acres (*cuerdas*) described in the complaint, with costs on the defendants.

Flor Goytía Alicea and Petra Caraballo took an appeal from that judgment and contend that the trial court erred in not according credit to witness José Goytía Alicea, on the ground that since said defendant was in default he could not testify as their witness; and that the court also erred in weighing the evidence and in not declining jurisdiction.

Since the defendant José Goytía Alicea and his wife Bienvenida Guadalupe failed to timely file any answer or any allegation to the complaint, their default was entered by the plaintiff. Rule 55 of the Rules of Civil Procedure. While the evidence for the codefendants Flor Goytía Alicea and Petra Caraballo was being introduced they called José Goytía Alicea to the witness stand. The plaintiff immediately stated that he objected to the presentation of that witness, because a party in default is not entitled to take any further steps in the case. The court decided to hear Goytía, and give him afterwards the credit it might deem proper. In this connection it stated in its opinion the following:

"The defendants José Goytía and Bienvenida Guadalupe failed to appear and their default was entered on November 28, 1945, so that these defendants because of their failure to appear accepted the facts alleged by the plaintiff. The testimony of José Goytía in this case can not be believed by the court inasmuch as it is in conflict with the averments of the complaint in which he and his wife appear as defendants, since they

accepted the allegations of the complaint by failing to appear in the action and defend against plaintiff's claim which alleges a conspiracy between Goytía and his wife and the other defendants to defraud plaintiff of his right to the described parcel of land. Since José Goytía accepted the form of the contract under which the plaintiff would file an opposition to the dominion title proceeding of Canuta Figueroa, he can not testify in court and establish a different contract, for he had the opportunity to do so upon being served with notice of the complaint."

And cited in support of its conclusion, 14 Cal. Jur., p. 887, par. 19, wherein it is stated that "A defendant against whom a default has been regularly entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action."

 Undoubtedly the lower court erred in expressing itself in the manner it did. The default of a defendant admits all matters well pleaded in the complaint, authorizes that judgment be rendered against him in accordance with the law and precludes such defendant from offering any evidence for his own benefit and against the allegations of the plaintiff. *Muñiz* v. *El Zenit*, 27 P.R.R. 26; *De Hoff* v. *Black*, 175 S. E. 179; *Christerson* v. *French*, 180 Cal. 523; *LaClede Land & Improvement Co.* v. *Creason*, 175 S. W. 55; *Hollifield* v. *Southern Bell Telephone and Telegraph Co.*, 90 S. E. 996. However, a defendant in default is entitled to cross-examine the witnesses for the plaintiff, to challenge the amount of damages claimed and to appeal from the judgment. *Pérez Hermanos* v. *Oliver et al.*, 11 P.R.R. 380, 386; 31 Am. Jur., pp. 134 and 135, §§ 521 and 523; Cf. *Estate of Chavier* v. *Estate of Giráldez*, 15 P.R.R. 145, 156. And when, as happens in this case, the action is brought against two or more defendants, and default is entered only against one of them, at the trial held against the other defendant or defendants, the defendant in default may participate and be called to the witness stand. 31 Am. Jur., *supra; Electrolytic Chlorine Co.* v. *Wallace & Tiernan Co.*, 41 S. W. 2d 1049; 78 A.L.R. 930, 939; *Morton* v. *Bailey*, 27 Am.

Dec. 767. Indeed, nothing precluded José Goytía Alicea on account of his being in default, from occupying the witness stand upon being called by the codefendants. Of course, in weighing his testimony the court should take into consideration not only the fact that when he permitted default to be entered against him he admitted the essential averments of the complaint, but also the interest which he might have in the case. However, we do not think that the error committed is reversible, since as we shall see when discussing the next error assigned, it likewise accorded no credit to the other evidence introduced by the defendants.

The oral evidence for the plaintiff was in accord with the allegations of his complaint and tended to show that he, in his capacity as attorney, represented before the court a number of persons—among them José and Flor Goytía Alicea—who opposed a dominion title proceeding filed in the District Court of Humacao by Canuta Figueroa and others; that said proceeding went to trial upon becoming contested; that judgment was rendered dismissing it and that after an appeal was taken to this Court the same was subsequently withdrawn; that shortly thereafter another dominion title proceeding was instituted in the name of José Goytía Alicea, one of the oppositors, which was sustained, the corresponding record having been made in the registry of property; that in payment of his professional services and since the heirs of Goytía had no money, it was agreed that he would be given an undivided interest equivalent to one-half of the property of 10.36 acres involved in the second dominion title proceeding; that in February 1945 a verbal conveyance of the said undivided interest was made in his favor and that subsequently a survey of the property was made by engineer Juan R. López de Victoria, the corresponding plan having been drawn, that he paid for half of the work done and José Goytía Alicea paid for the other half; that on October 3, 1945, José Goytía Alicea conveyed all the property to his brother Flor Goytía Alicea and his wife Petra Caballero by

public deed and that said conveyance was simulated and fraudulent.

The plaintiff also introduced in evidence the deed of conveyance executed by José Goytía Alicea and his wife in favor of codefendant Petra Caraballo, wherein it is stated that the property of 10.36 cuerdas involved in said deed was sold "for the price of $500 legal tender that the vendor admits having received from the hands of the purchaser."

The oral evidence for the defendants tended to show that Petra Caraballo had loaned to José Goytía Alicea, several sums of money, totalling $450, binding himself to pay to her $460; that from the money taken as a loan José Goytía Alicea paid to the plaintiff the total sum of $300 for professional services rendered by the latter to him and to the heirs of which he formed part; that José Goytía Alicea used the remainder to pay for the illness and burial of a son of his; and that Petra Caraballo paid to José Goytía Alicea for the 10.36 acres the additional sum of $500, in one hundred $5 bills in the presence of the notary, that is, a total of $960.

The lower court weighed the oral and documentary evidence and reached the conclusion that the conveyance of the property to the codefendant was simulated and fraudulent. We have carefully examined the whole transcript of the evidence and in our judgment the record contains sufficient evidence to justify the conclusion reached by the court. *Machuca* v. *Water Resources Authority*, 66 P.R.R. 174; *Rivera* v. *López*, 66 P.R.R. 201; *González* v. *Vélez*, 68 P.R.R. 835.

The lower court clearly had jurisdiction to entertain the case. In the complaint it is specifically alleged that the value of the condominium is $550 and plaintiff himself testified to that same effect. *Flesh* v. *Texidor, District Judge*, 27 P.R.R. 813, 814.

The judgment appealed from will be affirmed.