**Robert L. RAMEY, Appellant,**

v.

**Norman T. HEWITT, Appellee.**

No. 3109.

District of Columbia Court of Appeals.

Argued Jan. 7, 1963.

Decided March 1, 1963.

Rodolphe J. A. de Seife, Washington, D. C., with whom Robert S. Moss, Washington, D. C., was on the brief, for appellant.

Irwin B. Lipman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a judgment by default. Appellant alleges error in the failure to notify him of the taking of ex parte proof.

Judgment by default was entered against appellant for failure to answer. On appellant's motion, the court vacated the judgment on the ground that it was erroneously entered. At the same time the court denied his request to vacate the default and for leave to file a counterclaim. Ex parte proof was taken and the judgment from which this appeal is taken was entered. We must decide whether it was error to take ex parte proof without notifying appellant, in view of his appearance.

The present version of Rule 55(b) of the Court of General Sessions, which governs judgments by default, does not require the procedure appellant desires. This court, in Harco, Inc. v. Greenville Steel & Foundry Company, D.C.Mun.App., 112 A.2d 920, 922 (1955), after observing that the defaulting party there had not been notified of the taking of ex parte proof, said, " * * * under the trial court's present rule notice * * * is not required to be given to the

party * * * even though he has appeared in the action." We note, as we did in Harco, that such a result could not obtain under the Federal Rules of Civil Procedure, 28 U.S.C.A. Federal Rule 55(b) (2), the counterpart of the trial court's Rule 55(b), provides:

"* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * *"

This same provision, originally contained in the trial court's rule, was later deleted by amendment.

Our Code Section 11-756(b) directs the trial court to conform its rules "as nearly as may be practicable" to the Federal Rules of Civil Procedure. When it is considered that a default does not concede the amount of damages but only that the complainant is entitled to recover some damages, the treatment accorded to defaulting parties under the two sets of rules is no less than striking. For the desire to contest the amount of recovery may be effectively defeated if one is not given notice of the hearing at which damages will be fixed.

Many courts have held the Federal Rule 55(b) (2) notice requirement is a constitutional one, fulfilling the demand of due process; others do not go so far.* We think that the explicit notice requirement in the Federal Rules is desirable and calculated to insure fairer treatment to litigants. The trial court, mindful of its recently increased jurisdiction, might well reconsider the desirability of including such a requirement in its rules.

Affirmed.

HOOD, Chief Judge (dissenting).

It is my opinion that the judgment should be set aside and a new hearing had on the issue of the amount of damages, and then only after notice to appellant with an opportunity to participate in the hearing.

Here appellant was in default for failure to appear, and judgment by default was taken against him. He then appeared and moved to vacate the judgment. The trial court granted the motion to vacate the judgment, ruling that judgment could properly be had only after a hearing as to the amount of damages; but the court refused to vacate the entry of default and to permit the filing of an answer. The situation then was that appellant had appeared in court, had been successful in vacating the judgment, but had failed in his endeavor to vacate the default and defend the action; and he was faced with a judgment of uncertain amount, depending upon the evidence to be adduced by appellee. No date was fixed for the hearing on the question of damages. A month later the case was returned "to the files." After another month had passed, appellee without notice to appellant caused a hearing to be set for assessment of damages and at that hearing obtained a judgment for the full amount claimed in his complaint.

The entry of default constituted an admission by appellant of appellee's right to recover, but it did not admit the amount of unliquidated damages claimed. Anderson v. Gallman, D.C.Mun.App., 99 A.2d 560. Appellant had the right to appear at and participate in the hearing on the amount of damages,[1] and in order to exercise this

---

* See Annot., 51 A.L.R.2d 837.

1. 30A Am.Jur. Judgments § 219; Clark v. Collins, 213 Ark. 386, 210 S.W.2d 505; Carson v. Perkins, 217 Ind. 543, 29 N.E. 2d 772; Electrolytic Chlorine Co. v. Wallace & Tiernan Co., 328 Mo. 782, 41 S.W. 2d 1049, 78 A.L.R. 930; Lindsey v. Drs. Keenan, Andrews and Allred, 118 Mont. 312, 165 P.2d 804, 163 A.L.R. 487; St. Louis & S. F. R. Co., v. Zumwalt, 31 Okl. 159, 120 P. 640; Wileman v. Mayors & Aldermen, etc., 29 Tenn.App. 172, 195 S.W.2d 325.

right he was entitled to notice of the hearing. "Where a defendant has been defaulted after he has made an appearance in the action it is generally necessary to notify him of the hearing to make the necessary proof and assess the damages. But a defendant in default for lack of an appearance is not entitled to notice of application for a judgment or the hearing to assess damages." 3 Freeman Judgments § 1291 (5th ed.), quoted in Lewellyn v. Follansbee, 94 N.H. 111, 47 A.2d 572, 573.

Regardless of the rules of the trial court, appellant was entitled to notice of, and opportunity to be heard at, the hearing to assess damages. He was not given this right and for this reason I would reverse.